[Criminal No. 258.   Filed March 27, 1908.]

[94 Pac. 1104.]

## PABLO SOTO, Defendant and Appellant, v. TERRITORY OF ARIZONA, Respondent.

1. CRIMINAL LAW—EVIDENCE—ADMISSIBILITY—RES GESTAE.—The admission of statements made by injured persons after their injuries is based upon the theory that human experience shows that under circumstances of physical shock or great nervous excitement, a person will give utterances to the truth as to their knowledge of the event which produced such shock or nervous excitement, and their experience in relation thereto, and such utterance or statement under this rule need not be shown to be contemporaneous with the event which called it forth, providing there has not been time for the exciting influence to lose its effect.

2. CRIMINAL LAW—EVIDENCE—RES GESTAE—ADMISSIBILITY.—Where the victim of an assault is of an age to render it improbable that his utterance was deliberate and its effect premeditated in any degree, it is not required that such utterance, to be admissible as evidence, shall have been so nearly contemporaneous with the event which gave rise to it as in the case of an older person whose reflective powers are not presumed to be so easily affected or kept in abeyance.

3. EVIDENCE—STATEMENTS OF CHILD TOO YOUNG TO TESTIFY—ADMISSIBILITY.—The statements of a child made after an alleged assault had been committed upon him were admissible in evidence, notwithstanding the fact that he was incompetent to testify because of his age.

4. SAME—SAME—SAME.—Where a boy four years of age was sent by his mother to a store a few blocks distant from home and he re-

turned in about an hour and a half crying bitterly, and upon examination evidences were found which tended to show that the infamous crime against nature had been committed upon him, and he told his mother what had occurred between defendant and him, it was within the sound discretion of the court upon the trial of defendant for said assault to allow the mother to testify as to the statements made by the boy.

APPEAL from a judgment of the District Court of the Second Judicial District, in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

The facts are stated in the opinion.

'Allen R. English, for Appellant.

The testimony of the woman Mary Sherman, mother of the boy Amilio, was inadmissible, because such testimony cannot be admitted as *res gestae.* It can only be admitted in corroboration, and never to prove the substantive offense. It cannot be admitted under any circumstances where the party alleged to have been injured has not testified to the same matters; furthermore, the details of the complaint alleged to have been made, or the name of the alleged assailant, cannot be given. These propositions are supported by an unbroken line of American authority, which followed the English rule. *Territory* v. *Kirby,* 3 Ariz. 288, 28 Pac. 1134; *People* v. *McGee,* 1 Denio, 21; *Baccio* v. *People,* 41 N. Y. 265; *Reddick* v. *State,* 35 Tex. Cr. App. 463, 60 Am. St. Rep. 56, 34 S. W. 274; *Hornbeck* v. *State,* 35 Ohio St. 277, 35 Am. Rep. 608; *State* v. *Meyers,* 46 Neb. 152, 64 N. W. 697, 37 L. R. A. 423; *Luttrell* v. *State,* 40 Tex. Cr. 651, 51 S. W. 930, and other cases cited in 42 Cent. Dig., col. 69, and 2 Am. & Eng. Ann. Cas. 235. In Ohio, the court says: ''In sodomy cases, where the injured party has not testified, it is error to admit his declarations or complaint made to another.'' *Foster* v. *State,* 1 Ohio C. C. 467. See, also, *People* v. *Graham,* 21 Cal. 261; *Lee* v. *State,* 74 Wis. 45, 41 N. W. 960.

E. S. Clark, Attorney General, and P. Tillinghast, for Respondent.

SLOAN, J.—The appellant, Soto, was charged and convicted in the court below with having committed the infamous crime against nature with one Amilio Sherman, a Mexican

boy of about the age of four years. Upon the trial the mother of the boy testified.that about 11 o'clock on the morning of the 2d of March, 1907, she sent her son to a store, situated about the distance of six city blocks from her home, to purchase some red chili and candy; that at about half-past 12 o'clock her son returned crying and very pale; that she examined him, and found his rectum lacerated and bleeding. She was then asked by the district attorney to state what, if anything, was said by the boy then as to the cause of his injuries. The question was objected to by counsel for the defendant, but the objection was overruled, and the witness was then permitted to state in full what was said by the boy as to what had transpired between himself and the defendant. Other witnesses testified to having seen the boy soon after his return to his mother's house, and that he was then in a state of excitement, and was crying and complaining of his injuries. These witnesses described the injuries as did the mother. The admission of the testimony of the latter as to the statement of her son as to the details of the alleged assault is complained of by counsel for appellant, and is the only question raised on this appeal.

We have held in the case of rape that the prosecution may prove that the prosecutrix made complaint soon after the alleged rape, but that the details of her statement are not admissible, unless such statement should be shown to be a part of the *res gestae. Territory* v. *Kirby,* 3 Ariz. 288, 28 Pac. 1134. As this is not a case of rape, we express some doubt as to whether the rule admitting the fact of complaint as evidence in corroboration of the testimony of the prosecuting witness applies at all; at any rate, the question of the admissibility of the statements made by the Sherman boy to his mother, at the time when made, and under the circumstances as made, must turn upon whether they come within the exception to the general rule relating to hearsay evidence, which is included within the *res gestae* rule.

Upon no branch of the law of evidence is there such confusion and seeming conflict as in the application of the rule admitting statements as a part of the *res gestae.* As expressed by Chief Justice Blakely of Georgia: "The difficulty of formulating a description of the *res gestae* which will serve for all cases seems insurmountable. To make the attempt is something like trying to execute a portrait which shall enable

the possessor to recognize every member of a numerous family."

In its application to statements made by injured persons after their injuries as to the circumstances of such injuries Mr. Wigmore, in his work on Evidence, has well pointed out that the verbal act or *res gestae* rule is inadequate to account for their admission. Their admission is rather based upon the theory that human experience shows that under circumstances of physical shock or great nervous excitement a person will give utterance to the truth as to their knowledge of the event which produced such shock or nervous excitement, and their experience in relation thereto. As the learned author points out, the verbal act rule is distinct from this, which may be denominated the rule of "spontaneous utterance," in that the former is based upon the theory that the utterance is part of the entire act and is admitted without reference to its trustworthiness, while the latter, like that of a dying declaration, rests entirely upon the assumed truthfulness of the utterance. Logic requires that the former shall be strictly contemporaneous with the main event, or follow it so closely as to constitute both one entire transaction. Greater flexibility as to time is permitted in the application of the latter rule, but to render such statements or declarations admissible the circumstances must be such as naturally to produce such shock or nervous excitement as to render the utterance spontaneous and unreflective, and it must have been uttered while such shock or nervous excitement may be supposed still to dominate and control and keep in abeyance the reflective powers of the person who has made it. It follows that such utterance or statement under this rule need not be shown to be contemporaneous with the event which called it forth, provided there has not been time for the exciting influence to lose its effect. As to the limit of time within which the exciting cause should be held to have been so dissipated as to render such statement inadmissible, no rule may be formulated. Each case must depend upon its own facts and much must be left to the sound discretion of the trial court.

As said by Mr. Justice Field in his dissenting opinion in the case of *Vicksburg & Meridian R. R.* v. *O'Brien*, 119 U. S. 108, 7 Sup. Ct. 123, 30 L. Ed. 299: "The modern doctrine has relaxed the ancient rule that declarations, to be admissible as part of the *res gestae,* must be strictly contemporaneous with the main transaction. It now allows evidence of them, when

they appear to have been made under the immediate influence of the principal transaction, and are so connected with it as to characterize or explain it. . . . The admissibility of a declaration in connection with evidence of the principal fact, as stated by Greenleaf, must be determined by the judge according to the degree of its relation to the fact, and in the exercise of sound discretion; it being extremely difficult, if not impossible, to bring this class of cases within the limits of a more particular description." *Commonwealth* v. *McPike,* 3 Cush. (Mass.) 181, 50 Am. Dec. 727; *State* v. *Ah Loi,* 5 Nev. 101; *Galveston* v. *Barbour,* 62 Tex. 176, 50 Am. Rep. 519.

We do not mean to imply that the time when such utterance is made with reference to the main event should not be an important or even a controlling factor in the exercise of the court's discretion in the admission of such testimony. Where the victim of an assault is of an age to render it improbable that his utterance was deliberate and its effect premeditated in any degree, we do not think it is required that such utterance to be admissible as evidence shall have been so nearly contemporaneous with the event which gave rise to it as in the case of an older person, whose reflective powers are not presumed to be so easily affected or kept in abeyance. Testimony of declarations or statements made by a person under the rule of spontaneous utterance is admitted in evidence, notwithstanding he be not called as a witness and testify at the trial, and his testimony is admissible, notwithstanding he be incompetent as a witness because of youth. In a case similar to this the court of criminal appeals of Texas held that the statements of a child, made after an alleged assault had been committed upon her, were admissible in evidence, notwithstanding the fact that she was incompetent to testify because of her age. *Croomes* v. *State,* 40 Tex. Cr. 672, 51 S. W. 924, 53 S. W. 882; *Kenney* v. *State* (Tex. Cr. App.), 79 S. W. 818, 65 L. R. A. 316; *State* v. *Andrews,* 130 Iowa, 609, 105 N. W. 215.

Applying this doctrine to the case at bar, we cannot say that the trial court erred in admitting the testimony of the mother of the boy as to his statements of what had taken place between him and the defendant. When we consider his youth, his physical condition, the degree of excitement and nervousness he was under at the time of his return to his home, and when his statements were made, and all the sur-

rounding circumstances shown in evidence, we think it was within the sound discretion of the trial court to have permitted this testimony to go to the jury.

The judgment is affirmed.

KENT, C. J., and CAMPBELL and NAVE, JJ., concur.