THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
LIBRADO PÉREZ MORALES, Defendant and Appellant.

No. CR-66-18.       Decided June 2, 1967.

*E. Alemañy Fernández* for appellant. *J. B. Fernández Badillo,*
Solicitor General, and *Elpidio Arcaya, Assistant Solicitor
General,* for The People.

PER CURIAM: Appellant was convicted by a jury of the
crime of statutory rape committed upon the person of a girl
who had not reached the age of seven years.

The evidence showed that appellant took the prosecutrix
in his automobile to a business of his own and there, inside

the establishment, he raped her. Then, in the same automobile, he brought her near the girl's house. On the way back he told the girl that when she was asked what happened to her to say that she had fallen.

When the girl's mother noticed that the girl was bleeding, she took her to the hospital and the physician made the corresponding diagnosis. The laceration suffered by the girl was so intense that the perineum was ruptured and it was necessary to operate immediately under general anesthesia to suture the said lacerations and to stop the hemorrhage. (Tr. Ev. 7–9.) As a result of the discovery made by the physician—that those bodily injuries could not be caused by a fall but by penetration—the matter was referred to the police.[1]

The girl, at the outset, told her mother that she had fallen but then she told the policewoman, Socorro Olmeda and policeman Santiago Silva Feliú that a man had injured her and related the occurrence to them.

Between the day of the occurrence and the statements made by the girl two days elapsed. In the meantime an emergency operation was performed on the girl.

The only error assigned by appellant consists in that the trial court erred "in admitting as evidence of corroboration the testimony of police officers Santiago Silva and Socorro Olmeda without establishing the corresponding grounds for admitting in evidence their testimony." Appellant argues that he deems the minor's conduct "fantastic" for the facts occurred "on the afternoon of April 13, 1964, all the rest of that night, the following day, and part of the next having

---

[1] When the physician was asked at the trial whether there had been penetration in the girl's genital organs, he answered: "Yes, there was more than that, because in order to produce the laceration, something must have penetrated to break the base, the division between the vulva and the anus called perineum." (Tr. Ev. 7.)

elapsed, without the girl informing her mother of any event connected with defendant."

Appellant believes that nothing justifies that the girl's statements were made two days after the events and that it is an established rule that the spontaneous utterances made in the first opportunity by injured persons in these cases are admissible in evidence. He points out, however, that in this case the minor did not relate what had occurred until two days later.

■■ It is well known that although the time elapsed between the events and the statements made by the injured person is one of the factors to be considered in these cases in order to admit such statements as part of the *res gestae*, however, it is also true that that time factor is not by itself controlling as to whether or not statements of such nature are admissible. The limit of time to determine whether or not the statements are admissible shall depend upon the circumstances of each case. *People* v. *Aponte*, 77 P.R.R. 870, 873 (1955); *People* v. *Muñoz*, 68 P.R.R. 159, 163 (1948); *People* v. *Fuentes*, 63 P.R.R. 42 (1944); *People* v. *Vázquez*, 40 P.R.R. 245, 248 (1929); *People* v. *Arenas*, 39 P.R.R. 14, 21 (1929). Thus for example, we have accepted statements made two days after the occurrence of the crime, *People* v. *Vázquez, supra;* within 26 hours after the event, *People* v. *Aponte, supra;* four days later, *People* v. *Arenas, supra;* five days later, *People* v. *Fuentes, supra;* one month later, *People* v. *Ramos Vélez*, per curiam decision of March 10, 1964; eight months later, *People* v. *López*, 76 P.R.R. 354 (1954); over nine months later, *People* v. *Muñoz, supra.*

■ It is easy to understand the contradictory and painful emotions experienced by a girl of such tender age during the 48 hours which elapsed immediately after the event and considering in addition the trauma of an operation under general anesthesia, it can be understood why the prosecutrix,

filled with confusion, shame, and fear was unable to unbosom herself before the time she did. The tender age of the minor permits us to conclude that her statements were spontaneous and not the desire to plot a lie. In this same sense see, *Soto* v. *Territory*, 94 Pac. 1104, 1105 (1908). The requirement of corroboration in cases of statutory rape "is intended to protect the accused against groundless accusations which may issue from a woman's reaction to the man's disaffection or fickleness."[2]

■ The circumstances of these facts as revealed by the transcript of evidence make it clear that the minor cannot be charged with motivations grounded on appellant's disaffection or fickleness. Clearly, it is not the case of an adult woman who would expect constancy from the male's love. We should remember the words of Judge Jacinto Texidor in the sense that "With lamentable frequency the tendency appears in all kinds of trials to convert the law of evidence into a series of impregnable rules of such extreme technicality that they lead to the concealment rather than to the display of the truth. Neither is that the purpose of the law, nor can its application cease to be humane and logical inasmuch as it was written for humans and logic is the soundest standard for reaching the truth in a prosecution." *People* v. *Arenas, supra,* at page 16.

The statements made by the minor were admissible. The error assigned was not committed. The judgment appealed from will be affirmed.

Mr. Justice Hernández Matos dissented.

---

[2] *People* v. *Oquendo,* 83 P.R.R. 227, 231 (1961).