STATE of South Dakota, Plaintiff
and Appellee,

v.

Bruce McCAFFERTY, Defendant
and Appellant.

No. 14350.

Supreme Court of South Dakota.

Argued April 17, 1984.

Decided Oct. 3, 1984.

Grant E. Gormley, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Michael E. Ridgway of Brady, Kabeiseman, Reade, Abbott & Johnson, Yankton, for defendant and appellant.

MORGAN, Justice.

Defendant Bruce McCafferty (McCafferty) was indicted, tried and convicted on the charge that he knowingly engaged in sexual contact with another person under fifteen years of age, in violation of SDCL 22–22–7. Upon a separate information, McCafferty was also found to be an habitu-

al offender under SDCL 22–7–8 and his sentence for the principal felony was enhanced to a sentence commensurate with a Class 3 felony, the next more severe class. The trial court sentenced McCafferty to fifteen years in the South Dakota State Penitentiary with three years suspended upon completion of court-imposed conditions. McCafferty appeals and we affirm in part and remand with instructions.

This case developed when a seven-year-old daughter of the woman McCafferty was living with arrived at school with a red mark on her neck. The mark resembled what is commonly referred to as a "hickey." When questioned by her teacher, Elizabeth Zeplin (Zeplin), the child (Shawna) responded "My daddy sucked on it." Zeplin mentioned the incident to another teacher, Pam Haugland (Haugland), who questioned Shawna further using two anatomically correct dolls. The matter was referred to the Department of Social Services (Department) as a suspected case of sexual abuse. The following day, Dr. Mary Carol Curran (Curran), a clinical psychologist, was summoned to the school by Department to investigate. Curran also observed Shawna play with anatomically correct dolls and exhibit knowledge which Curran considered beyond that of a normal seven-year-old. Based on the information provided by the two teachers and the psychologist, the Yankton County Grand Jury returned the indictment.

McCafferty filed several pretrial motions, including (1) a motion for a psychiatric evaluation of the complaining witness, (2) a request to depose the complaining witness, (3) a motion to exclude evidence of prior convictions, (4) a request for discovery, and (5) a motion to suppress an incriminating statement he made to the police on the grounds that it was given involuntarily. The trial judge denied all motions except the request for discovery and production. After conviction, McCafferty filed a motion for a new trial alleging error at trial by: (1) admission of allegedly hearsay testimony regarding statements Shawna made to the teachers and psychologist; (2) denial of his right of confrontation under the Sixth Amendment to the United States Constitution and Article VI, Section 7 of the South Dakota Constitution; (3) failure of the trial court to properly weigh the probative value of evidence of his former convictions against its prejudicial effect before admitting that evidence; and (4) failure of the trial court to grant his pretrial motion for psychiatric examination of Shawna.

■ We will first examine McCafferty's claim that admission of the hearsay testimony by the teachers and the psychologist, regarding Shawna's statements and demonstrations with the dolls, was prejudicial error. SDCL 19–16–4. The trial court apparently admitted the testimony under SDCL 19–16–5 or –6 (Rule 803(1) or (2) Federal Rules of Evidence), the res gestae or excited utterance exception to the hearsay rule. McCafferty urges that under our previous holdings in *State v. Thorpe*, 83 S.D. 499, 162 N.W.2d 216 (1968), and *State v. Percy*, 80 S.D. 1, 117 N.W.2d 99 (1962), the statements did not fall within the excited utterance or res gestae exception. We agree.

We recently noted, however, that *Percy* and *Thorpe* were decided prior to our adoption of SDCL ch. 19–16, Hearsay, in 1978. *State v. Bult*, 351 N.W.2d 731 (S.D.1984). The hearsay rules adopted by this court closely pattern the Federal Rules of Evidence 801 to 806 inclusive. SDCL 19–16–5 or –6 is nearly verbatim with Rule 803(1) or (2) of the federal rules respectively. Under the federal rules, many courts have relaxed the rigid time and spontaneity requirements when the declarant is a child of tender years. 7 J.JUV.L. 205 (1983). We note that, while it is not applicable in this case because of its effective date, our legislature has enacted a statutory "tender-years" rule effective July 1, 1984. SDCL 19–16–38.

While Shawna's response to Zeplin's question regarding the cause of the mark on her neck was both timely and somewhat spontaneous, we find no cases, nor are we cited to any, that would make the subsequent statements and demonstration with

the dolls spontaneous. The lack of spontaneity does not, however, preclude admission of the subsequent statements. This case differs greatly from most of the case authorities cited by the parties, in that McCafferty was Shawna's father-figure [1] and she was not physically injured. Most of the cases cited involve outsiders and/or violent acts such as rape or attempted rape. The statements to Haugland and Curran were properly admitted; we hold, however, that the trial court made the right decision for the wrong reason.

When we adopted the Hearsay rules in 1978, we included Federal Rule of Evidence 804(b)(6), sometimes referred to as the residual exception. SDCL 19–16–35 provides:

A statement not specifically covered by any of §§ 19–16–30 to 19–16–34, inclusive, but having equivalent circumstantial guarantees of trustworthiness, is not excluded by § 19–16–4 if the declarant is unavailable as a witness and if the court determines that

(1) the statement is offered as evidence of a material fact;

(2) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and

(3) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

However, a statement may not be admitted under this section unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

The first two elements of the rule, trustworthiness and unavailability, will be discussed in our analysis of the confrontation clause issue. The third element, materiality of the statement, is obviously satisfied. It is also obvious that the statement is more probative than any other evidence the State could produce through reasonable efforts. In this type of loco-parentis and child situation, it is difficult to envision any evidence more probative than the statements and actions of the victim; nor would it be likely that any further evidence could be adduced by reasonable efforts. Finally, the record shows that McCafferty sought in advance of trial to have the testimony suppressed, evidencing that he had sufficient notice and opportunity to meet the testimony to satisfy the statutory notice requirements.

We turn then to McCafferty's second issue, whether admission of the hearsay statements violated his right to confrontation under the Sixth Amendment to the United States Constitution. "In all criminal prosecutions, the accused shall enjoy the right to be confronted with witnesses against him ..." and a similar right, of confrontation set out in the South Dakota Constitution at Article VI, section 7, "[i]n all criminal prosecutions the accused shall have the right ... to meet the witnesses against him face to face ...."

■ We look first at decisions made under the federal constitution. The framers of the constitution did not intend to exclude all hearsay. *Ohio v. Roberts,* 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980). The policy behind the confrontation clause must give way to the public's interest in effective law enforcement, the probative necessities of particular cases and other policy considerations. 448 U.S. at 64, 100 S.Ct. at 2538, 65 L.Ed.2d at 606. *California v. Green,* 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970), controls when the declarant is available or testifies at trial. Prejudice to the defendant by admission of a child declarant's statements is reduced when the child is available for cross-examination. 8 J.JUV.L. 67 (1984).

[T]he Confrontation Clause does not require excluding from evidence the prior statements of a witness who concedes making the statements, and who may be

---

**1.** Shawna referred to McCafferty as her "dad-  dy."

asked to defend or otherwise explain the inconsistency between his prior and his present version of the events in question, thus opening himself to full cross-examination at trial as to both stories. 399 U.S. at 164, 90 S.Ct. at 1938, 26 L.Ed.2d at 501.

When the declarant is not available, however, the criteria established in *Ohio v. Roberts, supra,* controls admission of hearsay testimony. Thus, the first crucial determination in the trial court's admission of a declarant's statement under the residual hearsay exception involves the declarant's availability as a witness. In this case, Shawna was present in the courtroom and actually took the witness stand. However, even though she was sitting on her mother's lap, she was not able to testify meaningfully. A similar situation arose in *United States v. Iron Shell,* 633 F.2d 77 (8th Cir.1980), where a nine-year-old declarant testified and was subjected to some cross-examination. The declarant in *Iron Shell* was unable to repeat the earlier statements that the prosecution sought to present through hearsay testimony. She did, however, testify to facts that tended to support the statements. Iron Shell's counsel cross-examined the child but did not ask about the statements. As the *Iron Shell* Court said: "It is difficult to conclude on this record that a more thorough cross-examination would not have provided the protections inherent in the confrontation clause." 633 F.2d at 87. The Eighth Circuit panel pointed out that:

> It has been recognized, however, that even though a declarant is available to testify, the confrontation clause protection may be called into question because the declarant is too young to be subjected to a thorough cross-examination as envisaged by the constitution. *United States v. Nick, supra,* 604 F.2d [1199] at 1202 (9th Cir.1979) [.]

633 F.2d at 87. Citing *California v. Green, supra; Ohio v. Roberts, supra;* and *Dutton v. Evans,* 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), the panel went on to point out that "[t]hese cases recog-

nize a special type of 'unavailability' for purposes of the confrontation clause." 633 F.2d at 87. The Eighth Circuit Court of Appeals applied the *Ohio v. Roberts* standard and concluded that the confrontation clause was not violated in *Iron Shell* because the admitted hearsay statements had sufficient indicia of reliability to afford the trier of fact satisfactory basis for evaluating the truth of the prior statements.

■ Under the authority of *Iron Shell,* we therefore hold that Shawna was unavailable as a witness and the admissibility of her testimony is governed by the *Ohio v. Roberts* decision. Consequently, the trial court's admission of the testimony regarding Shawna's out-of-court statements will turn upon whether the trial court finds sufficient equivalent circumstantial guarantees of trustworthiness. The *Roberts* Court stated:

> Reflecting [the Confrontation Clause's] underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule."

448 U.S. at 65, 100 S.Ct. at 2539, 65 L.Ed.2d 607 (citation omitted). Further:

> The focus of the court's concern is then to insure that there are indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant, ... and to afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement[.]

448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 607–8.

The "indicia of reliability" referred to by the *Roberts* Court and the "circumstantial guarantees of trustworthiness" language in the residual exception to the hearsay rule are synonymous. It is vitally important that prior to admission of a declarant's statement under this hearsay exception, the trial court must determine that the

statement bears sufficient indicia of reliability. It is also imperative that the determination be made on the record, outside the presence of the jury.

■ We recognize that this is a difficult judgment for a trial court to make. A healthy affection between family members, including families involving stepparents, cannot be discouraged. The trial court, in determining the sufficiency of the indicia of reliability, should consider the age and maturity of the child, the nature and duration of the abuse, the relationship of the child to the offender, the reliability of the assertions, and the reliability of the child witness. A young child is unlikely to fabricate a graphic account of sexual activity because such activity is beyond the realm of his or her experience. *Soto v. Territory*, 12 Ariz. 36, 94 P. 1104 (1908); *People In Interest of W.C.L.*, 650 P.2d 1302 (Colo. App.1982); *People v. Miller*, 58 Ill.App.3d 156, 373 N.E.2d 1077, 15 Ill.Dec. 605 (1978).

■ It is noteworthy that the newly enacted South Dakota "tender years" exception, SDCL 19–16–38, also includes a requirement for corroboration when the declarant is unavailable as a witness.[2] While this provision goes beyond the requirements of the residual exception rule and the *Roberts* decision, the existence of such corroboration could well be considered by the trial court as additional indicia of trustworthiness. It is equally noteworthy, however, that the South Dakota "tender years" exception, SDCL 19–16–38, lacks one critical provision of the hearsay residual exception rule—the requirement for notice to the adverse party sufficiently in advance of trial to provide an opportunity to prepare to meet the evidence.[3] The notice requirement gives the accused an opportunity to prepare to show that the statement is untrustworthy. The lack of this requirement raises a serious constitutional question be-

cause without it the statute does not conform to a firmly rooted hearsay exception. It would appear necessary, therefore, that prosecutors intending to rely on the "tender years" exception as our legislature has enacted it, should prepare to meet confrontation clause challenges by insuring that the record discloses adequate notice in conformity with the residual exception rule.

■ We turn to McCafferty's rights under Article VI, Section 7 of the South Dakota Constitution. First, we note that while there are semantic distinctions in the phrasing of the two constitutional provisions, both speak to the same protection. "It seems to be held everywhere and by all courts of last resort that 'to be confronted with the witnesses against him' and to 'meet the witness face to face' mean one and the same thing[.]" *State v. Heffernan*, 24 S.D. 1, 4, 123 N.W. 87, 89 (1909). The *Heffernan* Court was examining the constitutional rights with regard to using preliminary hearing testimony of an unavailable witness in the trial of the defendant. The opinion stated:

There never was at common law any recognized right to an indispensable thing called confrontation as distinguished from cross-examination .... Moreover, this right of cross-examination thus secured was not a right devoid of exceptions. The right to subject opposing testimony to cross-examination is the right to have the hearsay rule enforced, for the hearsay rule is the rule requiring cross-examination. Now the hearsay rule is not a rule without exceptions. There never was a time when it was without exceptions. There were a number of well-established ones at the time of the earliest Constitutions, and others might be expected to develop in the future. The rule had always involved the idea of exceptions, and the Constitution makers indorsed the general principle

---

2. This provision is similar to provisions in several other "tender years" exception statutes recently enacted by other states. For discussion of these statutes see 8 J.JUV.L.: The Sexually Abused Infant Hearsay Exception: A Constitutional Analysis p. 59, 60–63.

3. It appears that every other state "tender years" exception as noted in the footnote above conforms to the requirement of notice.

merely as such. They did not care to enumerate exceptions. They merely named and described the principle sufficiently to indicate what was intended. The rule sanctioned by the Constitution is the hearsay rule as to cross-examination, with all the exceptions that may legitimately be found, developed, or created therein.

24 S.D. at 10–11, 123 N.W. at 91–2. In light of this authority, we hold that the strictures of the South Dakota Constitution on the right of confrontation are not violated by evidence held admissible under SDCL 19–16–35.

Because the trial court admitted the disputed testimony under the wrong exception to the hearsay rule, it is necessary to remand the case for reconsideration of the motion to suppress under the correct exception. It will be necessary for the trial judge to determine, on the record, whether the statements had equivalent, circumstantial guarantees of trustworthiness. In the event it is found that the statements contain sufficient indicia of reliability, the judgment is affirmed; the testimony was properly admitted and McCafferty was afforded protection of the federal and state confrontation clauses. If it is found otherwise, the judgment and conviction are reversed on those grounds and the case is remanded for a new trial.

■ The third issue McCafferty raises on this appeal questions whether the evidence presented at trial was sufficient to support his conviction. In reviewing the sufficiency of the evidence, this court must accept the evidence and the inferences the jury may have drawn from the evidence to support the verdict. *State v. Herrald*, 269 N.W.2d 776 (S.D.1978); *State v. Boyles*, 260 N.W.2d 642 (S.D.1977). The verdict will not be set aside if the evidence and the reasonable inferences drawn therefrom sustain a rational theory of guilt. *State v. Ree*, 331 N.W.2d 557 (S.D.1983); *State v. Grey Owl*, 316 N.W.2d 801 (S.D.1982).

■ The evidence in this case showed that (1) Shawna had a red mark, or "hickey" on her neck, (2) approximately one week after the red mark was noticed Shawna was examined by a doctor who testified that her labia minora was red, sore and tender to the touch, (3) McCafferty admitted pinching Shawna's "tusch," (4) he admitted kissing her on the lips for extended periods, (5) in a statement to the police McCafferty admitted that he "may have inserted [his] finger into her vagina," and (6) Shawna indicated in out-of-court statements to her mother, her teachers, and Dr. Mary Curran, that McCafferty abused her sexually. In determining the sufficiency of the evidence on appeal in a criminal case, the only question before the court is whether there is evidence in the record which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt. *State v. Shank*, 88 S.D. 645, 226 N.W.2d 384 (1975). This court will not resolve conflicts in the evidence, pass on the credibility of witnesses, or weigh the evidence; such functions are for the jury. *State v. Minkel*, 89 S.D. 144, 230 N.W.2d 233 (1975). Assuming for the purpose of discussion that the trial court decision upon remand is that the testimony of the teachers and the psychologist was admissible under the hearsay residual exception, then we would hold that the evidence was sufficient and affirm on this issue. If, on the other hand, the trial court finds the hearsay evidence inadmissible, this issue becomes moot because there is no question but what a new trial would be necessary because of the devastating effect of the hearsay testimony. Its admission could not be termed harmless error.

■ McCafferty also questions the trial court's decision to allow the prosecution to refer to his prior felony convictions in order to impeach his testimony. This court's standard of review requires a determination of whether the trial court abused its discretion in admitting evidence of other crimes, wrongs, or acts. *State v. Rose*, 324 N.W.2d 894 (S.D.1982). This court may not, however, substitute its own reasoning for the rationale upon which the trial court based its ruling.

[W]e are bound by the rule that the question is "not whether the judges of this Court would have made an original like ruling, but rather whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached that conclusion."

324 N.W.2d at 895–6 (citation omitted); *F.M. Slagle & Co. v. Bushnell*, 70 S.D. 250, 16 N.W.2d 914 (1944); SDCL 19–12–5.

█ Reference to McCafferty's prior convictions arose at trial when the prosecution attempted to impeach his credibility. The prosecutor wanted McCafferty to either admit or deny a statement allegedly made to the police. When McCafferty denied the truth of the statement he had made, the prosecutor asked McCafferty whether he had ever been convicted of a felony. McCafferty admitted that he had and the prosecutor ended his questioning. Defense counsel then asked McCafferty whether the conviction was for a sex offense and McCafferty said that it was not.

Admission of prior convictions for impeachment purposes is controlled by statute in South Dakota. SDCL 19–14–12 (Rule 609(a)) provides:

> For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted but only if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to a party or the accused and the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment.

In *State v. Quinn*, 286 N.W.2d 320 (S.D. 1979), this court stated that SDCL 19–14–12 allows a court to admit evidence of this type only if its probative value outweighs its prejudicial effect. There was no statement in the *Quinn* trial record, nor in the trial record now before this court, that the evidence of prior convictions was more probative than prejudicial.

The only judicial reference to the probative value or prejudicial effect of the prior conviction evidence in this case was made at the September 2, 1983, hearing on McCafferty's motion for a new trial. McCafferty points out that the finding was not made until after admission of the testimony at trial. In *Quinn*, this court cautioned trial courts "to make a definite finding that the evidence is more probative than prejudicial before allowing prior convictions into evidence." 286 N.W.2d at 323. That warning was repeated in *State v. Cochrun*, 328 N.W.2d 271, 274 (S.D.1983), in which the court stated:

> We caution trial courts in the future that the subjective thoughts of the trial court will not, in itself, suffice as to a "weighing." Some degree of rationale on the "weighing" must be shown in the record.

The record in *Cochrun* indicated "a certain degree of 'weighing' " and the trial court's ruling was upheld. The record now before this court does not contain a definite finding that the prior convictions were more probative than prejudicial. Defense counsel requested a ruling on the admissibility of the prior convictions at a pretrial motions hearing on June 6, 1983. At that time, the trial judge reserved his ruling until introduction of the testimony. The motion was renewed in chambers immediately before commencement of the trial on August 5, 1983. At that time, the trial judge said that he would rule on the motion to suppress evidence of prior convictions after McCafferty testified and prior to the prosecution's cross-examination. There is no indication that this crucial determination was made before admission of the testimony. McCafferty asserts that his motion was again renewed at a bench conference immediately preceding his testimony, and that both counselors and the trial judge agreed at that time that the motion to suppress evidence of prior convictions and the trial court's denial were properly preserved for the record. The bench conference was not transcribed, however, and there was no record of that proceeding. McCafferty preserved his record on this issue with a Motion for Modification of

Record. The substance of the bench conference was thereby included in the record.

Because defense counsel did not renew his motion after he examined the defendant, nor prior to cross-examination, and failed to object when the prosecutor questioned McCafferty about his prior convictions, the trial court never made a recorded ruling on the motion to suppress. The absence of this finding requires that we remand to the trial court for the requisite findings.

■■■■■■ Finally, we examine McCafferty's claim that the trial court erred when it overruled his pretrial motion for psychiatric examination of Shawna. Psychiatric examinations of complaining witnesses in sexual offense cases may be ordered at the trial court's discretion upon a substantial showing of need and justification. *State v. Wounded Head,* 305 N.W.2d 677 (S.D. 1981). The purpose of such examinations is to detect mental or moral delusions or tendencies which would distort the imagination that would affect the probable credibility of the complaining witness. *Id.; State v. Reiman,* 284 N.W.2d 860 (S.D. 1979). McCafferty has not made a substantial showing of need and justification nor asserted that Shawna has mental or moral delusions or tendencies which distort her credibility.

We affirm the conviction as to the third and fifth issues and remand to the trial court for further proceedings on the first, second, and fourth issues as hereinabove directed.

· FOSHEIM, C.J., and HENDERSON, J., and DUNN, Retired Justice, concur.

WOLLMAN, J., concurs in part and dissents in part.

WUEST, Circuit Judge, acting as Supreme Court Justice, not participating.

WOLLMAN, Justice (concurring in part, dissenting in part).

Based upon the comments made at the hearing on the motion for new trial, I would hold that the record contains an adequate showing that the trial court made a definite finding that the prior convictions were more probative than prejudicial before allowing evidence of the prior convictions to be admitted into evidence. Accordingly, I would affirm the trial court's ruling on this issue.

I join fully in the remainder of the majority opinion.