STATE OF NEBRASKA, APPELLEE, V. GARY A. WOOD, APPELLANT.
370 N.W.2d 133

Filed July 5, 1985. No. 84-652.

P. Stephen Potter, for appellant.

A. Eugene Crump, Deputy Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

Gary A. Wood appeals his conviction and sentence after a bench trial in the district court for Lincoln County on the charge of first degree sexual assault on a child under 16 years of age in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1979). The district court sentenced Wood to a term of imprisonment not less than 1½ nor more than 3 years. We affirm.

On September 16, 1983, Wood's wife, 9-year-old daughter,

and 12-year-old son met with a detective of the North Platte Police Department concerning a complaint about Wood's sexual contact with his daughter on September 9 and 10. Based on the information given to the detective, the State filed formal charges against Wood. The information filed against Wood on December 20 alleged in two counts that Wood had committed crimes of first degree sexual assault, that is, "on or about" September 9 and 10, 1983, Wood had subjected a child under 16 years of age to sexual penetration.

At trial Wood's daughter, the victim, testified concerning numerous incidents of Wood's "teaching her about sex." These incidents involved Wood's digital penetration of the victim's vagina, and fellatio. Sexual activity between Wood and his daughter occurred during Mrs. Wood's absence from the home and after Wood had directed his son to go outside or clean up his room. On one occasion in the family home, the victim's brother observed sexual activity between Wood and the victim. Another time, in Wood's truck, Wood digitally penetrated the victim's vagina while her brother was in the truck's sleeper. After each sexual act with the victim, Wood always warned his daughter that she should never tell anyone about the sexual activity. On still another occasion Mrs. Wood returned home and discovered Wood and the victim in the bathroom with the door locked. Because she was frightened, the victim denied any sexual activity with Wood in the bathroom.

Approximately 1 week after her last sexual contact with Wood, the victim made an unsolicited report to her mother about sexual incidents involving Wood. The victim testified that the last occasion when Wood "taught her about sex" was Saturday, September 10, while her mother was at the store in the afternoon. The victim also testified that the last sexual contact with Wood occurred on the day when relatives visited at the Wood house and attended a family barbecue.

Without objection, the victim's brother testified that on two occasions he saw his father's hand between the victim's legs while "her pants were down," once while the brother was in the living room of the family home and once while he was in the sleeper of his father's truck. Wood's son also testified his father frequently told him to clean his room while his mother was

absent from their home.

Wood's wife testified that late on a Monday evening in September during a conversation in the victim's bedroom, the victim complained about sexual contact with her father. The victim's brother entered the bedroom during the discussion between the victim and her mother and stated that he was aware of the sexual activity involving his sister and Wood. The next day Mrs. Wood spoke with her physician, who told her to contact a lawyer and law enforcement personnel. On Wednesday Mrs. Wood spoke with her attorney, who arranged a meeting with police and the county attorney.

Wood's wife further testified that the weekend before the conversation with her daughter the Wood family did not entertain company or have a barbecue at their home. Mrs. Wood testified that on Saturday afternoon, September 10, she had been shopping for about an hour during the afternoon, leaving Wood with the children (the victim and her brother).

Wood's parents testified they were at their son's home visiting during the afternoon of September 3, a Saturday, and Sunday, September 4, Wood and his family visited the home of Wood's parents. Wood's relatives testified they arrived at Wood's house around 1:30 on Saturday afternoon, September 10, remained for a barbecue in celebration of Wood's birthday, and departed at approximately 6:30 p.m. Finally, Wood took the stand and denied he sexually assaulted his daughter.

The district court found Wood guilty of one count of first degree sexual assault. From his conviction and sentence Wood appeals and argues (1) there was insufficient evidence to convict Wood of a sexual assault on his daughter and (2) the sentence imposed is excessive because the district court refused to place Wood on probation.

Wood contends that the evidence is insufficient to support his conviction for first degree sexual assault on his daughter.

> The general rule is that testimony of the victim of a sexual assault must be corroborated as to material facts and circumstances which tend to support the victim's testimony and from which, together with the victim's testimony as to the principal fact, an inference of guilt may be drawn. Corroboration of the principal act

constituting the offense is not required.
*State v. Craig,* 219 Neb. 70, 79, 361 N.W.2d 206, 214 (1985).

> "In a criminal case tried to the court without a jury, the findings of the court have the effect of a jury verdict and will not be disturbed on appeal unless clearly wrong . . . ." .
> . . In a bench trial of a criminal case, the court, as the "trier of fact," is the sole judge of the credibility of witnesses and the weight to be given to their testimony. Among the factors entering into the trial court's resolution of any conflicts of evidence are such items as the respective interests of the parties in the litigation; the demeanor of witnesses, including the defendant, while testifying before the court; the apparent fairness exhibited by the witnesses; the extent to which the testimony of the various witnesses is corroborated; and the reasonableness or unreasonableness of statements of the witnesses. . . . In any bench trial it is the role of the judge, as the trier of fact, to resolve conflicts in the evidence, pass on the credibility of the witnesses, determine the plausibility of explanations, and weigh the evidence. . . . It is the province of the Supreme Court, on appeal from a conviction, to refrain from resolving conflicts in the evidence and to sustain the judgment of conviction if, taking the view most favorable to the State, there is sufficient evidence to support the conviction.

*State v. Craig, supra* at 80, 361 N.W.2d at 214.

The record is replete with direct and corroborating evidence establishing Wood's sexual assault on the victim.

Wood also argues that the evidence is insufficient to establish that the sexual assault occurred on September 10, 1983, as alleged in the information. The record contains considerable evidence contrary to Wood's contention. Moreover, where time is not an ingredient of the crime, a variance between the information and the proof is not fatal if the date proved is within the statute of limitations. *State v. Piskorski,* 218 Neb. 543, 357 N.W.2d 206 (1984).

> We also think it is clear that, as a general proposition, an indictment or complaint should be as specific as possible with respect to time. However, it is not always possible to

know with certainty when an offense or offenses occurred. This is especially true in cases like this where there is a minor victim who does not complain to the authorities immediately.

*State v. Waukazo*, 269 N.W.2d 373, 375 (Minn. 1978).

The evidence is sufficient for a finding that Wood's sexual assault on the victim occurred as alleged in the information filed in the proceedings against Wood.

In his final assignment of error, Wood argues that the sentence imposed is excessive because the district court refused to sentence Wood to probation. The offense of first degree sexual assault is a Class II felony punishable by imprisonment for not less than 1 year nor more than 50 years. Neb. Rev. Stat. §§ 28-319 and 28-105 (Reissue 1979). An order denying probation and a sentence within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion on the part of the sentencing judge. *State v. Gillette*, 218 Neb. 672, 357 N.W.2d 472 (1984). We find no abuse of discretion in the district court's sentence imposed on Wood.

AFFIRMED.