**STATE of South Dakota,**

v.

**Harold THOMPSON, Sr.,**

**No. 14747.**

Supreme Court of South Dakota.

Argued Sept. 10, 1985.

Decided Dec. 11, 1985.

Robert Mayer, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Patrick M. Schroeder, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

MORGAN, Justice.

Harold Thompson, Sr. (Thompson) was convicted of rape in the first degree, SDCL 22–22–1, and sexual contact with a child under fifteen, SDCL 22–22–7. Thompson appeals on two issues: (1) impermissible hearsay testimony was admitted at trial, and (2) there was insufficient evidence as a matter of law to support the verdict on the sexual contact charge. We reverse and remand.

Testimony in the record presented by State alleges that on February 10, 1984, Thompson decided to visit his children, who lived with his ex-wife. During this visit, Thompson's ex-wife, Karen Thompson (Karen), left the home for approximately twenty minutes. Upon her return, the alleged victim (H.T.) had tears in his eyes. Karen asked H.T. if Thompson had hit him, but H.T. would not respond. Later that night, H.T. awoke screaming, but upon questioning from his mother, stated he could not tell what happened or "Dad would kill them." After repeated probing and questioning by Karen over a five-day period, H.T. finally said that Dad put "his thing" (Thompson's penis) into his mouth.

Detective Conrad Smith of the Sioux Falls Police Department was called to interview H.T. on March 19, 1984. Prior to the interview, Karen informed Smith of what H.T. had told her. At this interview, H.T. repeated essentially the same story that he had told his mother. H.T. also related that his father had on several occasions touched his penis.

Thompson was subsequently arraigned and indicted upon the two charges. In August, 1984, a jury trial was held before Judge William Heuermann. Prior to trial,

Thompson filed a motion to exclude hearsay statements from H.T. to any witness. This motion was filed on the morning of trial. Judge Heuermann held a hearing on the motion that same morning. The State noted it intended to offer the statements under SDCL 19–16–38,[1] the tender years exception. At this hearing, Thompson asked the court to find the necessary "indicia of reliability" to allow the statements into evidence. The State made an offer of proof based upon what Karen and Smith were going to testify to; the statements that H.T. allegedly made to them. Thompson's attorney indicated that "we haven't heard anything about the circumstances of the statement and how they were given and who was present and the demeanor of the person giving the statement, and I guess I would like a chance to cross-examine the people that took the statements and find out exactly what circumstances were involved when this little boy allegedly made these statements." Cross-examination of Officer Smith was granted. On cross-examination, Thompson elicited the time span between when the alleged incident occurred and Smith's interview with H.T. and the fact that Smith already had an idea of what H.T. was going to say, as he had previously contacted Karen. Cross-examination of Karen was not allowed. Judge Heuermann then denied Thompson's motion. The trial proceeded, and Thompson was convicted on both counts and sentenced to twenty years in the state penitentiary.

Initially, State claims that no error was committed, since the statements made to Smith and Karen were not hearsay. State claims that since H.T. was a witness at trial his statements to Karen and Smith were not hearsay under SDCL 19–16–2(2).[2] This statute allows the admission of out-of-court statements as nonhearsay, if the statements are consistent with the declarant's in-court statements and are offered to rebut an express or implied charge of recent fabrication or improper motive.

Traditionally, the use of prior consistent statements has been barred by the rule against hearsay. *See United States v. Quinto*, 582 F.2d 224 (2nd Cir.1978); Advisory Committee notes to Fed.R.Evid. 801. However, Fed.R.Evid. 801(d)(1)(B) (SDCL 19–16–2(2)) allows the admission of prior consistent statements as nonhearsay as long as its requirements are met.

■ Before a prior consistent statement will qualify as nonhearsay under the rule, the proponent must demonstrate three things. First, he must show the prior consistent statement is consistent with the witness' in-court testimony. Second, he must establish that the statement is being used to rebut an express or implied charge against the witness of recent fabrication or improper motive or influence. Finally, the proponent must demonstrate that the prior consistent statement was made prior to the time the supposed motive to falsify arose. *Quinto, supra.*

■ State has not met the requirements of the *Quinto* standard. The testimony of Smith and Karen was not used to rebut charges of fabrication or improper influence, rather it was introduced as sub-

1. At the time of Thompson's trial, SDCL 19–16–38 read:

   A statement made by a child under the age of ten describing any act of sexual contact or rape performed with or on the child by the defendant, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings against the defendant in the courts of this state if:

   (1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
   (2) The child either:
      (a) Testifies at the proceedings; or
      (b) Is unavailable as a witness.

   However, if the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

2. SDCL 19–16–2(2) reads:

   A statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is

   . . . .

   (2) consistent with his testimony and is offered to rebut an express or implied charge against him of recent fabrication or improper influence or motive.
   This is essentially Fed.R.Evid. 801(d)(1)(B).

stantive evidence in State's case-in-chief. Both Karen and Smith testified before H.T. took the stand. When a witness has not yet testified, statements are not admissible as prior consistent statements under the rule. *United States v. Strand*, 574 F.2d 993 (9th Cir.1978); 4 Weinstein's Evidence ¶ 801(d)(1)(B)[01] at 801–100 (1975). "The witness is not helped by [the prior consistent statement] even if it is an improbable or untrustworthy story, it is not made more probable or more trustworthy by any number of repetitions of it." *Quinto*, 582 F.2d at 232 (citations omitted). The rationale behind excluding prior consistent statements is that such statements are irrelevant, unless the witness' credibility is brought into issue. *Quinto, supra*. When credibility is attacked, the rebuttal provisions of SDCL 19–16–2(2) come into play. The alleged victim's credibility was not in question prior to his testimony; therefore, the statements of Karen and Smith could not have been nonhearsay under SDCL 19–16–2(2).

Since the statements were hearsay, we next examine Thompson's contention that the trial court erred in not determining the sufficiency of the indicia of reliability of the statements. SDCL 19–16–38 provides for admission of hearsay statements of a youth victim of a sex crime only in the event the trial court finds that the time, content, and circumstances of the statement provide sufficient indicia of reliability. In this regard, he also claims error in not being allowed to examine Karen concerning the statements prior to trial.

The term "indicia of reliability" arose out of cases concerning the Sixth Amendment's guarantee of confrontation. *See Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980); *see also State v. McCafferty*, 356 N.W.2d 159 (S.D.1984). The *Roberts* Court stated:

> Reflecting [the Confrontation Clause's] underlying purpose to augment accuracy in the factfinding process by ensuring the defendant an effective means to test adverse evidence, the Clause countenances only hearsay marked with such trustworthiness that "there is no material departure from the reason of the general rule."

448 U.S. at 65, 100 S.Ct. at 2539, 65 L.Ed.2d at 607. It should be noted that when the declarant of the out-of-court statement is available for cross-examination, the strictures of the confrontation clause are met superficially. *California v. Green*, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); *see also McCafferty, supra*. However, even if the declarant is available, the confrontation clause does require adequate assurances of the reliability of the statement. *Roberts, supra; State v. Ryan*, 103 Wash.2d 165, 691 P.2d 197 (1984). In fact, "a higher level of reliability [must] be established where a declarant is available than were he unavailable." *State v. O'Brien*, 318 N.W.2d 108, 112 (S.D.1982).

In *McCafferty, supra*, we noted that the indicia of reliability referred to by the *Roberts* Court and the circumstantial guarantees of trustworthiness language in the hearsay exceptions are synonymous. In *Roberts, supra*, the Court held that "[r]eliability can be inferred without more in a case where evidence falls within a firmly rooted hearsay exception. In other cases, the evidence must be excluded, at least absent a showing of *particularized* guarantees of trustworthiness." 448 U.S. at 66, 100 S.Ct. at 2539, 65 L.Ed.2d at 608 (emphasis added).

In *McCafferty, supra*, we delineated certain criteria a trial court should consider in determining the sufficiency of the indicia of reliability. These included the age and maturity of the child, the nature and duration of abuse, the relationship of the child to the offender, the reliability of the assertions, and the reliability of the child witness. In addition, in *O'Brien, supra*, we stated:

> '[A] trier must be able to determine the credibility of the extra-judicial declarant when he made the statement attributed to him, and to do this the statement must be viewed as part of the other evidence in the case.' Such factors as the nature—written or oral—and character of the statement, the relationship of the

parties, the probable motivation of the declarant in making the statement, and the circumstances under which it was made must be assessed. Also significant are the knowledge and qualifications of the declarant.

318 N.W.2d at 112 (footnotes omitted).

"The circumstantial guarantees of trustworthiness on which the various specific exceptions to the hearsay rule are based are those that existed *at the time the statement was made*, and do not include those that may be added by using hindsight." *Ryan, supra (quoting Huff v. White Motor Corp.*, 609 F.2d 286, 299 (7th Cir.1979)) (emphasis added).

Here, the trial court never made a determination on the record concerning the trustworthiness of H.T.'s statements. Prior to trial, Thompson moved to exclude the hearsay statements. At a hearing on this motion, State, by offer of proof, alleged only the *content* of the offered hearsay testimony. The trial court then denied Thompson's motion. *McCafferty, supra,* contemplates a determination by the trial court concerning the reliability of the statements. This determination cannot be a perfunctory denial of a defense motion. The court must make an affirmative finding of the reliability of the statements by considering the factors noted above. Until such a finding is made, the statements do not show a "particularized guarantee of trustworthiness." State now attempts in its brief to provide the necessary indicia of reliability by asserting after the fact the circumstances surrounding the statements. It is clear, however, that the determination of reliability must be made prior to the admission of the hearsay. *See McCafferty, supra; Ryan, supra.*

Thompson also contends that there is sufficient evidence to support his conviction on the sexual contact charge. Because of our holding on the first issue, we remand for new trial on this issue also.

Smith testified at trial that H.T. said Thompson had touched his penis. This touching was the basis of the sexual contact charge. SDCL 19–16–38 allows admission of reliable hearsay in both rape and sexual contact cases. Therefore, hearsay admitted on this charge is governed by the same standards delineated above. The trial court need not make a separate finding of reliability for both counts; however, here, no finding of reliability was made.

Accordingly, we reverse and remand both counts for new trial consistent with the views expressed in this opinion.

All the Justices concur.

HERTZ and WUEST, Circuit Judges, acting as Supreme Court Justices, participating.