STATE of South Dakota, Plaintiff
and Appellee,

v.

Arlan Dale SPRONK, Defendant
and Appellant.

No. 14857.

Supreme Court of South Dakota.

Argued Oct. 23, 1985.
Decided Dec. 24, 1985.

* This issue does not involve appellee Texaco.

Sherri Sundem, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., on brief.

Patricia C. Riepel, Minnehaha County Public Defender, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

Arlan Dale Spronk (Spronk) was found guilty of sexual contact with a child under age 15 and of child abuse. We remand for appropriate findings of fact and conclusions of law.

The charges arose from an alleged incident in early 1984. Spronk offered to babysit a 3½ year old girl for an afternoon while her mother, Spronk's friend, was recuperating from surgery. After returning home, the child complained that her "bottom" hurt and that Spronk had "messed" with her. Her mother and grandmother talked with and examined her. They noticed swelling and redness in, and some odor from, the girl's vaginal area. The following day a doctor examined the child but no irregularities were noticeable. The doctor referred the case to Social Services and a social worker talked with the child.

The child did not testify at trial. However, the mother, grandmother, and social worker were allowed to testify concerning statements the child made to them.

On the thrust of this court's decision in *State v. McCafferty*, 356 N.W.2d 159 (S.D. 1984), and the United States Supreme Court's decision in *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980), Spronk claims the trial court did not make sufficient findings of indicia of reliability concerning hearsay statements admitted at trial. We agree.

■ The record reveals abundant conclusions but findings of fact are wanting. Findings were made as to the child's age and somewhat as to her maturity. However, no clear findings of fact can be gleaned on which the judge relied in ruling that the child's statements made to her mother and grandmother and the social worker were sufficiently reliable to be admitted under SDCL 19–16–35 and –38. We accordingly remand with direction to enter particular findings of facts and conclusions of law concerning the reliability of hearsay statements admitted at trial. *McCafferty*, 356 N.W.2d at 163–64; *Roberts*, 448 U.S. at 67, 100 S.Ct. at 2540. *See also State v. Thompson*, 379 N.W.2d 295, at 296–298 (S.D.1985).

■ We disagree with Spronk's next argument, however, that there was insufficient corroborative evidence of the act required for hearsay statements to be admitted under SDCL 19–16–38. While we recognize that corroborative evidence of the act is something more than corroboration of the victim's testimony, *see, e.g., State v. Wood*, 220 Neb. 388, 370 N.W.2d 133 (1985), it encompasses more than just physical evidence of sexual contact or rape. Here, corroboration of the act may be found in the physical examinations made by the mother and grandmother and in the psychological assessments and profiles of the child conducted by the social worker.

This conclusion is in accord with other cases in which we have addressed corroborative evidence. In *State v. Grey Owl*, 316 N.W.2d 801 (S.D.1982), this court found corroborative evidence of a sex crime victim's *testimony* to include her prompt complaint and emotional state. In *State v. Reutter*, 374 N.W.2d 617 (S.D.1985) (*see* cases cited therein), we interpreted SDCL 23A–22–8 which requires corroborative evidence with accomplice testimony for a conviction. We held that the statute is satisfied when the corroborative evidence in some degree tends to affirm the truth of the testimony of the accomplice and establish the guilt of the accused. *Id.* In applying this reasoning to SDCL 19–16–38, the statute would logically appear to require corroborative evidence which in some substantial degree tends to affirm that the sexual act complained of occurred and establish the guilt of Spronk. Accordingly, we find sufficient corroborative evidence of the act, as required by SDCL 19–16–38.

Other issues raised by Spronk are either dismissed without merit or need not be addressed in view of the remand.

The proceedings are remanded as stated.

MORGAN, J., and WUEST and HERTZ, Acting JJ., concur.

HENDERSON, J., concurs in result.

HENDERSON, Justice (concurring in result).

I concur in this opinion with but one exception: Corroboration by a social worker cannot be "in the psychological assessments and profiles of the child"; the social worker testified from hearsay in the first instance and to add a layer of expertise to her testimony is extending medical expertise of which she has none. She is not qualified to make a psychological assessment of the child. Although she has had approximately 70 hours of training in the area of sexual abuse interview techniques with children and some basic training in the area of general sexual abuse, *see* trial transcript at 121, she is by no means a psychologist. Profiles of the child, I assume, would probe into the child's age and knowledge of human anatomy. This might well be a determination into the usage, in the first instance, of anatomical dolls by a social worker. It is not corroboration, as such. The social worker put it this way: "The most important thing, I guess, the credibility for using the dolls lies with the interviewer. The interviewer must have knowledge of the child's development." *See* trial transcript at 127. It is understandable that a social worker must determine if a child's development and knowledge is advanced enough to intelligently relate to anatomical dolls. In the final analysis, however, all credibility of the child witness must be with a jury, the trier of the fact. *State v. Minkel*, 89 S.D. 144, 230 N.W.2d 233 (1975). It cannot be with the social worker. There is great danger in permitting social workers to express opinions beyond facts. Facts which they can testify to from observation and from that which is expressed to them by a child, under an admissible hearsay exception, is another matter. *State v. McCafferty*, 356 N.W.2d 159, 161 (S.D.1984); Federal Rule of Evidence 803(2). Many states, under the Federal Rules, have relaxed the spontaneity requirements when the child is a child of tender years. Hearsay testimony can be devastating and social workers must not be permitted to testify as to conclusions of medical expertise, or that, in point of fact, a crime has been committed. Social workers cannot invade the province of the jury. Thus, profiles of the child should be limited to a biographic sketch and should not include conclusions which usurp the function of the jury. *See State v. Logue*, 372 N.W.2d 151, 158–59 (S.D.1985).