**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Daniel FOELL, Defendant and Appellant.**

No. 15672.

Supreme Court of South Dakota.

Argued Oct. 8, 1987.

Decided Dec. 2, 1987.

Craig M. Eichstadt, Asst. Atty. Gen., Roger A. Tellinghuisen, Atty. Gen., Pierre, on the brief, for plaintiff and appellee.

Paul J. Dold, Howard, for defendant and appellant.

MILLER, Justice.

Defendant appeals his conviction for sexual contact with a child under sixteen years of age. He claims the trial court erred in admitting hearsay testimony of a social worker and a baby-sitter, absent the testimony of the child or a determination of her availability. We agree and reverse and remand for a new trial.

Because this case is remanded, and considering the sensitive nature of the alleged offense, a detailed recitation of the facts is not necessary here. Suffice it to say that defendant was charged with sexual contact with a nine-year-old child. The female child had previously made statements to a baby-sitter and a social worker incriminating defendant. At trial, the child was present at the courthouse, under subpoena, but was never called as a witness by either State or defendant.[1] Defendant was convicted principally on the hearsay testimony of the baby-sitter and social worker, over appropriate objections by defendant.

State made a motion prior to trial to allow the hearsay testimony pursuant to SDCL 19–16–38, which reads as follows:

---

1. The State presumably did not call the child as a witness because she had recanted her previous testimony incriminating defendant. The record is not clear why defendant did not call her, except for the fact that she became ill and broke out in hives while her mother was on the witness stand—defendant's counsel also suggested in his brief and at oral argument that the trial court hinted at some possible sentencing reprisal if he called the girl, but since that was never preserved on the record we do not consider it here.

A statement made by a child under the age of ten describing any act of sexual contact or rape performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in criminal proceedings against the defendant ... if:

(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provides sufficient indicia of reliability; *and*

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness.

However, if the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

No statement may be admitted under this section unless the proponent of the statements makes known his intention to offer the statement and the particulars of it, including the name and address of the declarant to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet the statement.

The trial court conducted a hearing and granted State's motion, finding that the statement of the child provided sufficient indicia of reliability as required under SDCL 19–16–38(1).[2] The trial court, generally reiterating the language of the statute, further ordered that the hearsay statements of the baby-sitter and social worker would be admitted at the time of trial, "provided said child testifies at the proceedings or if unavailable there is provided corroborative evidence of the alleged act." At the commencement of defendant's trial, defense counsel moved that State be required to present the child's testimony, prior to the hearsay testimony. State took the position that since the child was present in the courthouse under subpoena, and could be called as a defense or prosecution witness, she was therefore "available." The trial court, without making any determination as to availability of the child, denied defendant's motion. State then called four witnesses, including the social worker and the baby-sitter. On the second day of trial, defense counsel again raised the question of whether the State would be required to have the child testify, claiming that if she is deemed to be unavailable, corroboration is essential. The trial court took the position that whether or not the child was called by State was a matter of trial strategy. Although the court later stated that it would consider having an in-camera hearing to determine the child's availability, the record does not indicate that such a hearing was conducted.

The language of SDCL 19–16–38 is clear that the hearsay testimony is admissible only if the court finds sufficient indicia of reliability *and* the child either (1) testifies *or* (2) is determined to be unavailable[3] as a witness.

It is the obligation of trial courts to conduct hearings and to make the determinations required by the statute. Here, although the trial court determined a sufficient indicia of reliability, it never made a finding or determination of the unavailability of the child as a witness. Since the child did not testify, the clear requirements of SDCL 19–16–38 have not been met and the trial court improperly received the hearsay evidence. This error requires reversal and a re-trial.

In view of our ruling above, we need not address the other issues raised by appellant in this appeal.

Reversed and remanded.

All the Justices concur.

---

**2.** In making its determination as to the sufficient indicia of reliability, the trial court properly considered the factors we set forth in *State v. Thompson,* 379 N.W.2d 295 (S.D.1985) and *State v. McCafferty,* 356 N.W.2d 159 (S.D.1984).

**3.** In our view, the terms "available" and "present" are clearly not synonymous. *State v. McCafferty, supra.* The trial court must look to the intent of the statute and case authority in making this determination.