## State of Nebraska, Appellee, v. Nordell Franklin Glover, Appellant.

299 N.W.2d 445

Filed December 12, 1980. No. 43419.

Thomas DeLay of Mueting & DeLay for appellant.

Paul L. Douglas, Attorney General, and John Boehm for appellee.

Heard before Krivosha, C.J., Boslaugh, McCown, Brodkey, White, and Hastings, JJ.

Hastings, J.

Pursuant to a plea bargain, defendant pleaded guilty to a violation of Neb. Rev. Stat. § 28-319 (Reissue 1979), first degree sexual assault, and Neb. Rev. Stat. § 28-310 (1)(b) (Reissue 1979), assault in the third degree, which violations provide for penalties of from 1 year to 50 years' imprisonment, and of not more than 1 year's imprisonment, respectively. Defendant was sentenced to concurrent terms of from 7 to 10 years' imprisonment on the sexual assault charge and 1 year's imprisonment on the third degree assault, with credit given for all time served in jail preceding sentencing. The District Court, after an appropriate hearing, also found the defendant to be a treatable mentally disordered sex

offender, as defined by Neb. Rev. Stat. §§ 29-2911 et seq. (Reissue 1979), and ordered him confined for treatment at the maximum security unit of the Lincoln Regional Center until he is found to be no longer mentally disordered, or has received the maximum benefit of treatment, or has served the maximum length of his sentence of imprisonment. The defendant appeals, contending generally that his sentence for sexual assault was excessive and that the evidence was insufficient to find him to be a mentally disordered sex offender. We affirm.

Defendant is a 36-year-old married man who, on August 3, 1979, came upon the 22-year-old female victim sunbathing in a park northwest of Norfolk, in Madison County, Nebraska. After becoming tired of the defendant watching her, the victim went into the ladies' bathroom to change from her swimsuit to her street clothes. Shortly thereafter, and before she had any more than put on her underwear, the defendant entered, carrying a knife, grabbed her around the neck with one hand, and forced her into one of the toilet stalls and to a sitting position on the stool. He then proceeded to fondle her breasts and pubic region, and penetrated her vagina with his finger. He then compelled her to engage in a completed act of fellatio with him, during all of which time he required her to keep her eyes covered with her shorts. Although he did not physically injure the victim with his knife, all through the ordeal he would poke her with the point of it to punctuate his commands, and she could feel the point prick her skin. When he had finished, he commanded her to stay in the bathroom for 10 minutes, under threat of death, and further threatened her if she told the police of the incident.

On September 27, 1979, the defendant stopped at a watermelon stand south of Norfolk, and after engaging a woman in conversation, grabbed her by the throat, pulled her to his pickup truck, and told her to get in. The defendant had taken a knife from his trouser

pocket, which the victim grabbed, resulting in a cut to her hand and fingers. At the sight of blood, the defendant released the victim, got into his truck, and drove away.

When the defendant was later confronted by the police, he at first denied the incidents, but later confessed, agreeing in substance with the facts as related above.

Although not raised as an issue in this appeal, we should note in passing that the defendant's arraignment was a model of propriety. The trial judge fully and fairly explained all of defendant's rights and the consequences of his pleas of guilty, which the record showed were freely, voluntarily, and knowingly entered. The factual basis for the pleas was established by the defendant's own admissions.

The complaint that the evidence was insufficient to determine defendant to be a mentally disordered sex offender is not tenable. Although there was some equivocation, the examining psychiatrist, when asked if he believed the defendant to be presently disposed to repeated commissions of sexual offenses, replied in the affirmative. Again, this question was asked of the same witness: "And would this lead you to believe that Mr. Glover is, in fact, a person with a mental disorder who is disposed to repeated commissions of sexual offenses which are likely to cause substantial injury to the health of others?" to which the witness replied "Yes." A finding as to whether one is a mentally disordered sex offender is a question of fact, to be determined by the trial court. *State v. Sell*, 202 Neb. 840, 277 N.W.2d 256 (1979). From our examination of the record, we agree with the conclusion reached by the trial court.

Defendant's assignment of error as to excessiveness of the sentence is a multipronged attack, in that he contends that the trial court abused its discretion because the sentence is for a term beyond that necessary for the protection of the public and rehabilitative needs

of the defendant; it was imposed without consideration of any objective standards to determine the length of the sentence; and it was constitutionally disproportionate to punishments imposed for similar and more severe offenses. The district judge, at the time of sentencing, reviewed in detail the provisions of Neb. Rev. Stat. § 29-2260 (Reissue 1979) as it relates to consideration for probation, and found that the risk was substantial that the defendant would engage in additional criminal conduct and that a lesser sentence than imprisonment would depreciate the seriousness of the defendant's crime. While the defendant had no other criminal record and had caused no serious personal injury by the use of a knife on both occasions, the fact remains that a dangerous weapon was used, with repeated threats of death while doing so. Although urged to do so by the defendant, the sentencing judge did not conduct a case-by-case review of all felony sentences found among the recent records of the Madison County District Court, nor was he required by law to do so. Such a comparison, to avoid the "freakishness of sentencing" referred to in *Furman v. Georgia*, 408 U.S. 238, 92 S. Ct. 2726, 33 L. Ed. 2d 346 (1972), and which resulted in the passage of Neb. Rev. Stat. § 29-2521.01 (Reissue 1979), is limited primarily to cases involving the death penalty, *Brown v. Parratt*, 560 F.2d 303 (8th Cir. 1977), and particularly to cases where the death penalty has, in fact, been imposed. *State v. Williams*, 205 Neb. 56, 287 N.W.2d 18 (1979).

Finally, a sentence imposed within statutory limits will not be disturbed on appeal unless there is an abuse of discretion. *State v. Kincaid*, 203 Neb. 495, 279 N.W. 2d 152 (1979). Recognizing defendant's traumatic experience of some 2 years earlier involving a bankruptcy and the death of a brother, and the observation of mental health experts that proper treatment might reverse his personality deterioration, the fact remains that the defendant manifested extremely dangerous traits in committing a crime which was particularly

despicable in nature. The trial judge has a duty to protect the public, as well as to attempt rehabilitation of the criminal. There was no abuse of discretion and the judgment and sentence of the trial court are affirmed.

AFFIRMED.