STATE OF NEBRASKA, APPELLEE, V. DENNIS SELL, APPELLANT.

329 N.W.2d 361

Filed January 28, 1983.   Nos. 82-303, 82-304, 82-305.

John P. Murphy of Ruff & Murphy, for appellant.

Paul L. Douglas, Attorney General, and Marilyn B. Hutchinson, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, WHITE, HASTINGS, and CAPORALE, JJ., and MORAN, D.J.

KRIVOSHA, C.J.

The appellant, Dennis Sell, appeals from an order entered by the District Court for Dawson County, Nebraska, finding Sell to be an untreatable mentally disordered sex offender.   On review, we affirm.

This matter was originally before us and is reported in the case of *State v. Sell*, 202 Neb. 840, 277 N.W.2d 256 (1979).   The facts of the case are sufficiently set out therein and need not be repeated here.   Suffice it to say that Sell was previously determined by the trial court to be an untreatable sexual sociopath, pursuant to the Nebraska sexual

sociopath law, and ordered held in the Nebraska Penal and Correctional Complex. Following that determination, the Nebraska Legislature repealed the sexual sociopath law and replaced it with the provisions of Neb. Rev. Stat. §§ 29-2911 to 29-2921 (Reissue 1979). See 1979 Neb. Laws, L.B. 378. The newly enacted provisions provide that after a person is convicted of a felony sexual offense the court shall order a presentence investigation, which shall include an evaluation to determine whether the defendant is a mentally disordered sex offender. See § 29-2912. Pursuant to the provisions of the mentally disordered sex offender law, the District Court appointed a panel of two physicians licensed to practice medicine and surgery and who have had at least 3 years of special training in treatment of mental disorders. See § 29-2913. Following an examination of Sell, the doctors appointed by the court filed their report, finding Sell to be a nontreatable mentally disordered sex offender. Sell disagreed with the conclusions of the court-appointed panel and, pursuant to § 29-2913, filed a motion requesting that the court appoint two physicians of his choice to complete an evaluation. On February 26, 1982, the court granted the motion of appellant and ordered him to be evaluated by Dr. Robert E. Mitchell of Omaha, Nebraska, and Dr. Berten Mann of Omaha, Nebraska. Dr. Beverley T. Mead of Omaha, Nebraska, was later substituted for Dr. Mann. After the evaluations were completed a hearing was held on March 31, 1982, at which time Sell was present. The court determined that Sell was a mentally disordered sex offender who was presently untreatable and therefore should remain confined at the Nebraska Penal and Correctional Complex.

Sell has assigned two errors. First, Sell maintains that the District Court erred in determining that he was an untreatable mentally disordered sex offender. Also, Sell maintains that the court erred

in refusing to permit him to select a physician of his choice for his evaluation.

The record simply does not support the claim that the court erred in determining that Sell is an untreatable mentally disordered sex offender. All four of the physicians concluded that Sell was an untreatable mentally disordered sex offender. Dr. John D. Baldwin, one of the psychiatrists appointed by the court, stated that Sell "is a mentally disordered sex offender and that this condition is not legally treatable in the State of Nebraska." Dr. Baldwin compared Sell to a "bomb ready to go off." Dr. Robert G. Osborne, the other psychiatrist appointed by the court, likewise concluded that "Sell is a mentally disordered sex offender, and further, that his condition is not treatable." Dr. Osborne concluded his report by observing that "This is obviously a man who has a lifelong pattern of increasingly deviant and dangerous behavior, and though it is true that personality disorders tend to 'burn out' as a person ages, I think it would be foolhardy to consider that he will 'burn out' in the next two or three decades." The physicians appointed at Sell's request also reached the same conclusion. Dr. Mitchell diagnosed Sell as a sexual sadist with an antisocial personality disorder. After noting that Sell's sexual arousal was enhanced by the resistance of his victim, Dr. Mitchell felt that it was "more likely in his case that not only would he commit rape but also be inclined to brutality and serious physical injury." It was Dr. Mitchell's opinion "that this individual does meet the criteria for mentally-disordered sex offender" but was not treatable at this time. Likewise, Dr. Mead, after examining Sell, reached the conclusion that Sell should "still be regarded as untreatable." In our earlier *Sell* case, *supra,* we held that this court will not disturb a District Court finding that an individual is a mentally disordered sex offender presently untreatable unless it can be said that there was no evidence upon which such conclu-

sions could be based and that such declaration was an abuse of discretion. The present record not only provides some evidence from which the trial court could conclude as it did but presents evidence from which no other conclusion could be reached. There is simply no merit in Sell's claim that the trial court erred in determining that he was an untreatable mentally disordered sex offender.

His second claim of error must also be overruled. Though there appears no motion in the record concerning a request by Sell for physicians other than Drs. Mitchell and Mann, later replaced by Dr. Mead, there is a brief discussion between counsel and the trial court found in the bill of exceptions. "MR. MURPHY: We have no evidence, Your Honor, just argument. THE COURT: All right. Argument? MR. MURPHY: Excuse me, Your Honor, there is a motion, or actually something I would like to place on the record. THE COURT: All right. MR. MURPHY: At the time that we requested the Court for further evaluation of Mr. Sell, one of the physicians, licensed physicians, that we wished to have Mr. Sell evaluated by, was by a Dr. Franks. The Court, at that time, advised that the Court read the statute to mean that the physician was to be licensed within the State of Nebraska. We'd simply like to show on the record that we did request that Dr. Franks be one of the physicians, but that request was denied by the Court. THE COURT: The record will so show. The Court determined that the defendant has the choice of psychiatrists, but the Court ruled they had to be licensed in Nebraska. MR. MURPHY: That's all I'd have, then." The narrow question, then, is whether the trial court was correct in concluding that § 29-2913 was to be read so as to mean that the physician selected by either the court or the defendant must be licensed to practice in the State of Nebraska. We believe that a reading of both the mentally disordered sex offender law and the laws of Nebraska

generally with regard to the practice of medicine support the trial court's position. Neb. Rev. Stat. § 71-1,103 (Reissue 1981) provides who may engage in the practice of medicine in the State of Nebraska. The section reads in part: "Every act or practice falling within the practice of medicine and surgery as defined not specially excepted herein, shall constitute the practice of medicine and surgery *and may be performed in this state only by those licensed by law to practice medicine in Nebraska.*" (Emphasis supplied.)

Under the provisions of § 71-1,103, unless an individual falls within a specific exception, the individual may not engage in the practice of medicine in this state unless he or she is licensed by law within this state. If one came into the state from outside Nebraska and attempted to conduct an individual psychiatric examination of the defendant, he would be in violation of § 71-1,103. We cannot believe that the Legislature intended to authorize a physician to conduct a psychiatric examination pursuant to § 29-2913 in violation of § 71-1,103. Had the Legislature intended to permit physicians not licensed to practice medicine and surgery in Nebraska to be so appointed, it would have been unnecessary to include the phrase "licensed to practice medicine and surgery." Simply describing them as physicians who had at least 3 years of special training in treatment of mental disorders would have been sufficient. In view of the language of § 71-1,103 and the exceptions thereto, we must conclude that the Legislature, in § 29-2913, intended "licensed to practice medicine and surgery" to mean licensed in the State of Nebraska. We therefore conclude that the determination by the trial court regarding the appointment of Dr. Franks was correct. There appearing no error in the record, the judgment of the trial court is affirmed.

AFFIRMED.