STATE OF NEBRASKA, APPELLEE, V. DWIGHT E. REDDICK,
APPELLANT.
376 N.W.2d 797

Filed November 22, 1985.   No. 85-180.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

CAPORALE, J.

Defendant, Dwight E. Reddick, pled no contest to a charge of attempted first degree sexual assault. He was adjudged guilty and, following evaluation, determined to be a mentally disordered sex offender whose disorder is nontreatable. He was thereafter sentenced to prison. In this appeal Reddick assigns as error the trial court's finding that his disorder is nontreatable and its holding that the portion of Neb. Rev. Stat. § 29-2914 (Reissue 1979) which provides for the imprisonment of nontreatable mentally disordered sex offenders is constitutional. We affirm.

On April 3, 1984, Reddick visited the residence of a female neighbor. While there, he picked up a knife, placed it against his neighbor's throat, and told her he was going to rape her. She

resisted, whereupon Reddick put down the knife and began to choke her. He then tore off some of her clothing and demanded that she engage him in a sex act. The neighbor continued to resist; her hysterical crying apparently startled Reddick and she was able to escape.

The evidence establishes that in 1966 Reddick was convicted of disturbing the peace for threatening the life of another female neighbor's son unless she posed nude in front of her window. Thereafter, he was committed for a period of several weeks to the Lincoln State Hospital. Reddick was further convicted of violent sexual crimes on two occasions prior to the present conviction, once in 1968 and once in 1973. Later in 1973 he was found to be a sexual sociopath and was committed to the Lincoln Regional Center until August of 1979. Reddick received psychiatric treatment as a result of these prior convictions and confinements to the state hospital and regional center.

Following the present conviction, Reddick was evaluated in accordance with the requirements of Neb. Rev. Stat. §§ 29-2912 and 29-2913 (Reissue 1979). Three of the four examiners are psychiatrists, and each concluded that Reddick is a mentally disordered sex offender whose disorder is nontreatable. One psychiatrist diagnosed Reddick as suffering from sadism and a schizoid personality and observed that past mental treatment has proved unsuccessful. Another of the three also noted that past treatment proved unsuccessful and expressed the opinion that about all Reddick had learned from his past experiences was that he would not be punished severely if he claimed a mental illness. This psychiatrist concluded Reddick felt no great need for change. The last psychiatrist eliminated any organic cause for Reddick's behavior and characterized him as one who "has been unable to learn from experience, psychotherapy or punishment," and who "tended to downplay his own responsibility and . . . will not hesitate to blame others for his problems." The fourth examiner, a psychologist, agreed Reddick was a mentally disordered sex offender, but was of the opinion that his disorder was treatable. Although he agreed that past treatment had not proved successful, he thought that the more structured treatment now available should at least be tried.

Section 29-2914 provides that a mentally disordered sex offender whose disorder is nontreatable shall be sentenced as provided by law on the offense for which he or she has been convicted.

This court will not disturb a trial court's finding that one is a mentally disordered sex offender whose disorder is nontreatable unless it can be said that such declaration was an abuse of discretion. *State v. Sell*, 213 Neb. 437, 329 N.W.2d 361 (1983).

As the foregoing recitation demonstrates, there is ample evidence to support the trial court's finding that Reddick is nontreatable; it therefore cannot be said that the trial court abused its discretion in so finding. Consequently, Reddick's first assignment of error fails.

In connection with his second assignment of error, Reddick in effect argues that it is somehow unconstitutional not to treat a mental condition which is not treatable.

Although Reddick does not specify what provision of which constitution he claims § 29-2914 violates by requiring that nontreatable mentally disordered sex offenders be punished as are nonmentally disordered sex offenders, his argument appears to proceed on the basis that the subject provision constitutes cruel and unusual punishment, in violation of the eighth amendment to the federal Constitution and of article I, § 9, of the Nebraska Constitution.

In so arguing Reddick misinterprets *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). Therein, the U.S. Supreme Court stated at 104-05:

> We therefore conclude that deliberate indifference to serious medical *needs* of prisoners constitutes the "unnecessary and wanton infliction of pain," . . . proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed.

(Emphasis supplied.)

Thus, it is the need either to alleviate pain or to effect a probable cure which triggers the State's duty to provide

treatment.

That such is so is further illustrated by cases decided after *Estelle* by various federal circuit courts. See, for example, *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981), which states the "essential test is one of medical necessity and not one simply of desirability." *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 763 (3d Cir. 1979), observes that "[t]he key factor in determining whether a system for psychological or psychiatric care in a jail or prison is constitutionally adequate is whether inmates with serious mental or emotional illnesses or disturbances are provided reasonable access to medical personnel qualified to diagnose and treat such illnesses or disturbances." *Bowring v. Godwin*, 551 F.2d 44 (4th Cir. 1977), ruled that the right to treatment is limited to that which can be provided upon "a reasonable cost and time basis," *id.* at 48, when it is established with reasonable medical certainty "(1) that the prisoner's symptoms evidence a serious disease or injury; (2) that such disease or injury is curable or may be substantially alleviated; and (3) that the potential for harm to the prisoner by reason of delay or the denial of care would be substantial," *id.* at 47.

Nebraska's view is and has been in accord with the federal view; the State has no obligation to treat that which is not treatable. *State v. Sell*, 202 Neb. 840, 277 N.W.2d 256 (1979), interpreted the phrase "benefited by treatment," found in former Neb. Rev. Stat. § 29-2903(3) (Reissue 1975), to mean a program leading to cure and not simply one which facilitates the defendant's ability to live with his condition.

We now hold that a mentally disordered sex offender for whom a program of treatment will not lead to a cure is "nontreatable" within the meaning of § 29-2914.

There is no evidence that Reddick's disorder causes him pain which can be alleviated. That circumstance, coupled with the evidence that treatment of his disorder will not lead to a cure, renders his second assignment of error meritless.

The judgment of the trial court being correct, it is affirmed.

AFFIRMED.