STATE OF NEBRASKA, APPELLEE, V. RONALD G. TODD, APPELLANT.
390 N.W.2d 528

Filed July 18, 1986.    No. 85-853.

Michael T. Levy of Levy & Lazer, P.C., and John D. Sykora of Law Offices of John D. Sykora, for appellant.

Robert M. Spire, Attorney General, and Dale D. Brodkey, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

By an information filed March 4, 1985, the defendant, Ronald G. Todd, was charged with first degree sexual assault on a child. An amended information charging two counts of sexual assault on a child was filed July 19, 1985. The defendant pleaded no contest to each of these counts and was adjudged guilty. The defendant was represented by counsel, and the arraignment complied with the requirements set out in *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981).

A presentence investigation was ordered, and the defendant was examined to determine if he was a mentally disordered sex offender.

The sentencing hearing was held on September 26, 1985. The trial court found that the defendant was a treatable mentally disordered sex offender and sentenced him to imprisonment for a period of 4 years on each count, the sentences to be served consecutively. The defendant was then committed to the Lincoln Regional Center.

The defendant has appealed and contends that the trial court erred (1) in sentencing him "based on the crime of first degree sexual assault on a child," (2) in relying upon a defective presentence investigation, (3) in finding that he is a mentally disordered sex offender, and (4) in denying him probation.

The defendant is now 40 years of age. He has a high school education and generally has been employed in custodial work. The reports in the presentence investigation indicate that he functions at a borderline mentally retarded intellectual level and is in need of much psychotherapy.

The victim involved in this case was the 8- or 9-year-old son of a man living with the defendant's niece. The offenses occurred while the defendant was serving as a babysitter for the victim. The incidents took place over a period of a year. There is

information in the presentence report that the defendant has engaged in other similar acts with other male children.

The defendant's first assignment of error has reference to a statement made by the trial court at the time of pronouncing sentence. The trial court stated that the defendant was sentenced "on each count of first degree sexual assault on a child." The statement was inadvertent, and it is apparent from the entire record, including the formal record of the judgment, that the defendant was in fact sentenced for sexual assault on a child. The words "first degree" were surplusage and do not affect the validity of the judgment.

The second assignment of error relates to the requirement of Neb. Rev. Stat. § 29-2261(3) (Reissue 1984) that the presentence investigation include any written statements submitted by the victim.

Although the presentence report does not include a written statement from the victim, the report does include a report of the statement the victim made to the police, and a deposition of the victim. At the sentencing hearing an affidavit concerning an interview with the victim was received in evidence. This was substantial compliance with the statute, and there is no showing of any prejudice to the defendant in this case.

The third assignment of error relates to the defendant's contention that the opinion of the examiners appointed to assist the court in determining whether the defendant is a mentally disordered sex offender must be unanimous. The statute does not require the opinion of the examiners be unanimous. Whether a defendant is a mentally disordered sex offender is a question of fact to be determined by the trial court. *State v. Glover*, 207 Neb. 487, 299 N.W.2d 445 (1980).

Although one of the examining psychiatrists did not find the defendant to be a mentally disordered sex offender, he did find the defendant to have a personality disorder and recommended that he be placed in a group rehabilitation program for borderline mentally retarded persons. The other examining psychiatrist found that the defendant was suffering from a psychiatric disorder which required extensive psychotherapy. There are other indications in the record and report that the defendant requires psychotherapy.

From our examination of the record we conclude that the finding by the trial court is well supported by the record.

The last assignment of error relates to the denial of probation to the defendant. Although the defendant produced a witness who recommended that the defendant be placed on probation and be required to submit to psychotherapy, we find no abuse of discretion in the sentences which were imposed. The record indicates the defendant has engaged in deviate behavior with other children, and although he may be retarded, he does know that his behavior is wrong. In view of the circumstances of the case, we believe the sentences imposed were appropriate.

The judgment of the district court is affirmed.

AFFIRMED.