STATE OF NEBRASKA, APPELLEE, V. DAVID A. BOVILL, APPELLANT.
393 N.W.2d 715
Filed September 26, 1986.   No. 86-137.

David F. Eaton of Gallup & Schaefer, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, David A. Bovill, was charged with first degree sexual assault of a child in violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1985). This is a Class II felony punishable by not less than 1 nor more than 50 years' imprisonment. He thereafter appeared in district court and entered a plea of guilty. He raises no issues as to his guilt, and that matter is not before us. Following a presentence investigation, including an examination by both a psychiatrist and a clinical psychologist, the district court concluded that Bovill was not a mentally disordered sex offender as defined by Neb. Rev. Stat. § 29-2913 (Reissue 1985) and therefore sentenced him to imprisonment in the Nebraska Penal and

Correctional Complex for a period of not less than 2 nor more than 6 years. Bovill appeals to this court claiming two alleged errors. One, he alleges that the district court erred in not finding him to be a mentally disordered sex offender, and two, he alleges that the district court erred in imposing an excessive sentence. We have reviewed the record and conclude that the district court was correct in both respects. For that reason the judgment and sentence must be affirmed.

Neb. Rev. Stat. § 29-2911 (Reissue 1985) defines a mentally disordered sex offender to "mean any person who has a mental disorder and who, because of the mental disorder, has been determined to be disposed to repeated commission of sexual offenses which are likely to cause substantial injury to the health of others." Whether a defendant is a mentally disordered sex offender is a question of fact to be determined by the trial court. *State v. Glover*, 207 Neb. 487, 299 N.W.2d 445 (1980). The procedures for making that determination are set out in the statute.

Neb. Rev. Stat. § 29-2912 (Reissue 1985) provides in part: "After a person is convicted of a felony sexual offense, the court, prior to sentencing, shall order a presentence investigation which shall include an evaluation to determine whether the defendant is a mentally disordered sex offender." The district court did order such an evaluation and, in December of 1985, received reports from Dr. William H. Reid, a psychiatrist, and Dr. James M. Burger, a clinical psychologist. The statutes then provide that if the court determines that the defendant is not a mentally disordered sex offender, or is a mentally disordered sex offender whose disorder is nontreatable, or that the treatment is not available in the state, the court shall sentence the defendant as provided by law on the offense. See Neb. Rev. Stat. § 29-2914 (Reissue 1985). In the event, however, the court determines that the defendant is a mentally disordered sex offender, that the disorder is treatable, and that such treatment is available, the court shall, after first sentencing the defendant as provided by law, commit the defendant for treatment. See Neb. Rev. Stat. § 29-2915 (Reissue 1985).

In the instant case the reports filed by the two experts are, at

least on their face, in conflict. Dr. Reid concluded that "he [Bovill] fits Nebraska statutory criteria for MDSO status." Dr. Burger's report finds that "[d]ue to his [Bovill's] own admission, there is little doubt that he is a sex offender, but I do not perceive him, based upon my visits with him, and upon test data, as a mentally disturbed sex offender." It was therefore necessary for the district court to resolve the apparent conflict.

In the case of *State v. Reddick*, 221 Neb. 322, 324, 376 N.W.2d 797, 798 (1985), we said: "This court will not disturb a trial court's finding that one is a mentally disordered sex offender whose disorder is nontreatable unless it can be said that such declaration was an abuse of discretion." See, also, *State v. Sell*, 213 Neb. 437, 329 N.W.2d 361 (1983). We believe it must therefore logically follow that we likewise will not disturb a finding by a trial court that an individual is not a mentally disordered sex offender unless it can be said that the declaration was an abuse of discretion.

We believe that the record in this case will not support a claim that the district court abused its discretion or that the district court could not have reasonably reached the conclusion it did reach.

If Dr. Burger's letter is accepted on its face, there is clear evidence to support the district court's finding. Furthermore, if Dr. Reid's report is examined in greater detail, it does not appear to support the conclusion that he reached, nor does it appear to establish any abuse of discretion on the part of the district court. While Dr. Reid concludes that Bovill "fits Nebraska statutory criteria for MDSO status," nowhere in the record do the findings made by Dr. Reid support that conclusion. As we have already noted, for one to be a mentally disordered sex offender the person must have a mental disorder and be disposed to repeated commission of sexual offenses which are likely to cause substantial injury to the health of others. Dr. Reid concludes that Bovill's actions were directed solely toward one individual and were not a part of a pattern. Furthermore, his report fails to indicate that Bovill was likely to repeat the attacks on other persons. We therefore do not believe it can be said that the district court abused its discretion in refusing to accept Dr. Reid's report in toto or in not finding

Bovill a mentally disordered sex offender.

We further do not believe the district court abused its discretion when it refused to grant Bovill probation and instead imposed a sentence of not less than 2 nor more than 6 years' imprisonment. The evidence discloses that Bovill assaulted the same minor child on at least 8 or 10 separate occasions. He was sentenced to a near minimum period of incarceration. We have regularly and repeatedly held that a sentence imposed within the statutory limits will not be modified on appeal, absent an abuse of discretion on the part of the trial court. *State v. Wallace, ante* p. 465, 390 N.W.2d 530 (1986). See, also, *State v. Perdue,* 222 Neb. 679, 386 N.W.2d 14 (1986). Furthermore, we have repeatedly held that the granting of probation as opposed to imposing of a sentence is a matter which is left to the sound discretion of the trial court, and absent a showing of abuse, this court will not on appeal disturb the trial court's denial of probation. *State v. Last,* 212 Neb. 596, 324 N.W.2d 402 (1982). See, also, *State v. Gillette,* 218 Neb. 672, 357 N.W.2d 472 (1984).

Although witnesses appeared and urged the district court not to sentence Bovill to prison, the court's refusal to grant probation cannot be said to be an abuse of discretion under the facts in this case. The victim in this case was a young child whose care had been entrusted to Bovill. There can be little doubt that the child has suffered by this experience and will continue to do so in the future. While there may now be contrition by Bovill, there is no question that the repeated attacks upon the child were wholly unjustified and harmful to the child. We are inclined to agree with the district court because we believe that any lesser sentence would have depreciated the seriousness of the offense. In view of that fact, we are unable to say that the district court abused its discretion when it sentenced Bovill to prison as it did.

The judgment and sentence are affirmed.

AFFIRMED.