STATE OF NEBRASKA, APPELLEE, V. MANFORD ALTON THORNTON, APPELLANT.

408 N.W.2d 327

Filed July 2, 1987.   No. 86-936.

David E. Veath, for appellant.

Robert M. Spire, Attorney General, and Steven J. Moeller, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

Upon pleas of guilty to two counts of sexual assault on a child, the defendant, Manford Alton Thornton, was sentenced to concurrent terms of 5 years' imprisonment on each count, with credit for time served between June 6 and June 24, 1986, and with the sentences commencing on the latter date. Since the trial court had determined that the defendant was a mentally disordered sexual offender (MDSO), that his disorder was treatable, and that sufficient treatment was available in the state, he was further ordered committed to the Lincoln Regional Center for treatment until such time as the court determined he was no longer mentally disordered or until he had received the maximum benefit of treatment.

At the sentencing hearing, defense counsel argued for a sentence of probation in conjunction with inpatient treatment at the Lincoln Regional Center. The court ultimately agreed with the State's argument against probation, stating: "[T]his is a case which, under the statutes, does not permit probation. The legislature is very, very, clear in my judgment, and mandates a sentence to imprisonment."

On appeal, the defendant asserts two assignments of error: (1) "The trial court erred in its statutory interpretation and resultant determination that pertinent statutes precluded judicial discretion by mandating only a sentence of imprisonment and proscribing a sentence of probation of appellant"; and (2) "The court erred in its statutory interpretation and resultant determination that the related statutes were in conflict and repugnant causing effectual repeal

by implication and thereby constraining it to imposing a prison sentence thus denying its discretion to sentence the appellant to probation."

The record shows that prior to the imposition of sentence at the sentencing hearing, the county attorney made the following comments in arguing against probation:

> BY MR. CONNEALY: Thank you, Your Honor. May it please counsel and the Court. Your Honor, it is the state's position that the defendant must be sentenced to a term of incarceration in this case. Subsection 292260 of the Nebraska Statute, "The Court may only order a sentence of imprisonment and grant the sentence of probation if the risk is not substantial that during the period of probation, that the offender will engage in additional criminal conduct." It seems to me that the Court has already made that finding that the defendant in this case would engage in additional criminal conduct, I think, in finding that the defendant is a mentally disordered sex offender.
>
> 292911 of the statutes defines a mentally disordered sex offender as meaning a person who is mentally disordered and who, because of the mental disorder, has been determined to be disposed to repeat a commission of sexual offenses. That finding seems to state that the defendant in this case, that there is a likelyhood [sic]; a strong likelyhood [sic] in this case, that Mr. Thornton is going to engage in additional criminal conduct, specifically, sexual offenses. So, Your Honor, I think that once the Court makes the finding that Mr. Thornton is treatable; is a treatable mentally disordered sex offender, it precludes granting any probation.

At the conclusion of the sentencing hearing, the following discussion occurred between defense counsel and the court:

> BY MR. VEATH: Your Honor, if it please the Court, do I understand the Court correctly to have determined that by reason of statute that this Court could not impose or grant probation?
>
> BY THE COURT: That's my determination. Yes.
>
> BY MR. VEATH: Thank you, Your Honor.

Also, in its written journal and order regarding this hearing, the court noted: "On due consideration of the evidence and the statements of the parties, the Court found that it does not have the discretion to sentence the defendant to a term of probation and that the defendant should be sentenced to a term of incarceration . . . ."

The defendant's major complaint on appeal is that the court failed to exercise its discretion in sentencing, by virtue of its finding that it had no discretion to impose a sentence of probation. This is perceived by Thornton as an error of law requiring vacation of the sentence. More specifically, Thornton contends that under Neb. Rev. Stat. § 29-2260 (Cum. Supp. 1986), absent a specific requirement for mandatory imprisonment, the sentencing court has *absolute discretion* to impose either a sentence of imprisonment or a sentence of probation.

Section 29-2260(2) does not provide the sentencing court with the absolute discretion claimed by Thornton. The express language of the statute provides that the court may withhold a sentence of imprisonment

> *unless*, having regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:
>
> (a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct . . . .

(Emphasis supplied.) § 29-2260(2).

In this case the court, prior to sentencing, made the determination that the defendant was a mentally disordered sex offender. By definition, a mentally disordered sex offender is someone who, because of a mental disorder, is disposed to repeated commission of sexual offenses likely to cause substantial injury to the health of others. Neb. Rev. Stat. § 29-2911 (Reissue 1985).

At the times of the offenses, the defendant was a minister working with the victim's parents in church-related activities at Chadron, Nebraska. The female victim was then 7 years of age. Evidence in the presentence investigation indicates that the

defendant admitted to a lengthy history of similar assaultive acts directed at some 15 minor children. The defendant made some effort to change his behavior through counseling prior to the episodes involved in the present case. Despite these attempts at counseling and his own awareness of the wrongfulness of his acts, the defendant was unable to control his assaultive behaviors. Thus, the trial court had good reason for its determination that the defendant could not be considered for probation. Clearly, "having regard to the nature and circumstances of the crime and the history, character and condition of the offender," imprisonment of Thornton was necessary for the protection of the public. § 29-2260(2). There was a substantial risk that during a period of probation he would engage in similar additional criminal conduct. § 29-2260(2)(a).

Thornton responds that the automatic commitment to treatment provision of Neb. Rev. Stat. § 29-2915 (Reissue 1985) alleviates any public protection concern which might have proscribed the imposition of probation under § 29-2260(2)(a). This view would have required the court to assume one of two things, either (1) that treatment of the defendant would be successful or (2) that if treatment was unsuccessful, the State would be able to successfully prove a case for civil commitment of the defendant at the end of treatment. The assumption of either position would have required speculation on the court's part. The sentencing court was not required to assume either the possibility of the success of treatment or of civil commitment proceedings after failed treatment in reaching its determination as to whether to place the defendant on probation.

Further, the cases cited by defendant of *State v. Bovill*, 223 Neb. 764, 393 N.W.2d 715 (1986), and *State v. Todd*, 223 Neb. 462, 390 N.W.2d 528 (1986), did not require the sentencing court to reach a contrary result on this issue. Based on these cases, the defendant contends that the meaning of "the court shall sentence the defendant as provided by law" language found in Neb. Rev. Stat. § 29-2914 (Reissue 1985) is that the sentencing court does have discretion to impose either a sentence of probation or imprisonment pursuant to the relevant

mentally disordered sex offender statutes. Those decisions do not control the case at bar.

In both *Bovill, supra*, and *Todd, supra*, the defendants, who had been convicted of sexual offenses against children, claimed that their sentences to incarceration constituted excessive sentences. Both argued that they should have been granted probation instead. In both cases, this court held that the sentencing courts did not commit abuses of discretion in sentencing the defendants to incarceration instead of probation.

In *Todd, supra*, where the defendant was determined to be a treatable mentally disordered sex offender, the court never expressly considered whether the defendant could have been sentenced to probation pursuant to § 29-2260(2). Instead, this court noted only that the sentence to imprisonment was not an abuse of discretion.

In *Bovill, supra*, the court found that the defendant was *not* a mentally disordered sex offender, and stated: "[W]e have repeatedly held that the granting of probation as opposed to imposing of a sentence is a matter left to the sound discretion of the trial court, and absent a showing of abuse, this court will not on appeal disturb the trial court's denial of probation." *Bovill, supra* at 767, 393 N.W.2d at 717. The discretion standard applied in *Bovill* was appropriate there because the defendant in that case was not a mentally disordered sex offender. As such, the public protection concerns precluding the possibility of probation in this case (i.e., the substantial risk of repeated criminal conduct during the period of probation) were not involved in *Bovill*.

Under the circumstances of this case the trial court committed no error in interpreting the relevant statutes to preclude the possible imposition of probation.

The defendant's second assignment of error is also without merit. Thornton contends that because the sentencing court concluded that §§ 29-2911 (the statute defining a mentally disordered sex offender), 29-2915 (the statute describing the sentencing procedure for sex offenders determined to be treatable mentally disordered sex offenders), and 29-2260 (the probation statute), when read together, preclude the discretion

to impose probation, the former statutes in effect repeal by implication the latter.

The record does not support a conclusion that the sentencing court found the relevant statutes to be in conflict or repugnant to each other.

Section 29-2260 (Cum. Supp. 1986) in part provides:

> (2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:
>
> (a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;
>
> (b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or
>
> (c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

The language in § 29-2260(2) which provides that the court "may withhold sentence of imprisonment" is merely a guideline and does not mandate a sentence of probation. *State v. Gillette*, 218 Neb. 672, 357 N.W.2d 472 (1984).

Also of relevance is that portion of § 29-2911 which defines the meaning of a mentally disordered sex offender: "(2) Mentally disordered sex offender shall mean any person who has a mental disorder and who, because of the mental disorder, has been determined to be disposed to repeated commission of sexual offenses which are likely to cause substantial injury to the health of others."

After the completion of both parties' arguments, the sentencing court indicated it agreed with the State that this was a case in which the statutes did not permit probation.

Section 29-2260(2) does not grant absolute discretion to sentence to probation or imprisonment in every instance.

Under the facts in this case and the express terms of § 29-2260(2), the court did not have discretion to impose a sentence of probation. There was no repugnancy or conflict between the statutes, and there was no repeal by implication.

The judgment is affirmed.

AFFIRMED.