State of Nebraska, Appellee, v. Clifford D. Snodgrass,
Appellant.
430 N.W.2d 55

Filed October 7, 1988.   No. 88-057.

David V. Chebatoris, of Clements, Svoboda and Chebatoris,
for appellant.

Robert M. Spire, Attorney General, and Lynne R. Fritz for
appellee.

Hastings, C.J., Boslaugh, White, Caporale, Shanahan,
and Grant, JJ., and Colwell, D.J., Retired.

Shanahan, J.

In its complaint filed in the county court for Sarpy County,
the State charged that Clifford D. Snodgrass, on June 20, 1987,
operated a motor vehicle while he was under the influence of
alcoholic liquor and alleged that the offense was Snodgrass'
third such infraction of the statute against drunk driving. See
Neb. Rev. Stat. § 39-669.07 (Supp. 1987). After entry of his
no-contest plea to the drunk driving charge on September 22,
Snodgrass, accompanied by his lawyer, appeared before the
county court for Sarpy County on October 23, 1987, for a
sentence hearing on the enhanced penalty authorized on
account of Snodgrass' prior convictions.

At the enhancement hearing, the State offered as exhibits the
court records for Snodgrass' convictions in 1977 (exhibit 1),
1979 (exhibit 2), and 1982 (exhibit 3). Snodgrass objected to
exhibits 1 and 2 (foundation), but did not object to exhibit 3. As
reflected by the exhibits, Snodgrass, who was represented by
counsel, pled guilty to drunk driving in 1977 and 1979 and
entered his no-contest plea to the drunk driving charge in 1982.
Before accepting Snodgrass' plea for each conviction in those

prior years, the court gave the appropriate admonitions and information required for a valid plea as a basis for a conviction. See, *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971); *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981). Snodgrass did not contend at trial, and does not contend on appeal, that evidence of any of his prior convictions, utilized for enhancement purposes, was constitutionally impermissible. When the court received the three exhibits as evidence of prior convictions, Snodgrass' lawyer asked: "[C]ould I get the Court to make a specific finding as to the Exhibits 1 and 2?" Section 39-669.07(4)(c) provides in pertinent part: "For each such conviction under this section, the court shall as part of the judgment of conviction make a finding on the record as to the number of the defendant's prior convictions . . . ." To counsel's request, the court responded: "I don't think I have to do that and I decline to do so. There are three of them there and I find that he — Is third offense. So, it doesn't make any difference which two of the three are convicted. I am declining your request."

The trial court's docket notes contain: "Defendant is adjudged guilty as charged on [the complaint of] third offense. This is defendant's fourth conviction for driving under influence of alcohol in Nebraska." In the "journal entry" signed by the county court, the court noted that, for enhancement purposes, the 1987 conviction was Snodgrass' third offense of drunk driving. After consideration of a presentence report, the court sentenced Snodgrass to the county jail for 91 days, imposed a fine of $500, and suspended Snodgrass' driver's license for a period of 15 years from the date of conviction. The penalties and sanction imposed by the county court are authorized by § 39-669.07(4)(c) and Neb. Rev. Stat. § 28-106 (Cum. Supp. 1988).

Snodgrass appealed to the district court, which affirmed the county court's judgments.

Snodgrass claims that the county court erred by failure to make a specific finding on the record concerning the number of Snodgrass' prior convictions for drunk driving.

As we construe Snodgrass' contention, the county court's failure to specifically designate or identify the prior convictions

utilized for enhancement purposes vitiates the imposed penalty. However, § 39-669.07(4)(c) does not require Snodgrass' suggested specification, but only requires that the court make a "finding on the record as to the number of the defendant's prior convictions" for violation of the drunk driving statute. The county court's docket notes, as a part of the record, unquestionably demonstrate the county court's finding that the 1987 conviction is Snodgrass' "fourth conviction for driving under [the] influence of alcohol." If the county court found that the 1987 conviction for drunk driving was Snodgrass' fourth conviction for such offense, quite obviously the court found that there were three drunk driving convictions before Snodgrass' 1987 conviction. Moreover, because there were only three exhibits introduced concerning Snodgrass' prior convictions for drunk driving, and the court found the 1987 conviction was Snodgrass' fourth conviction, the court unquestionably found that Snodgrass had been convicted three times for drunk driving before his 1987 conviction, although the court did not expressly state the specific number of prior convictions used for the purpose of the enhanced penalty authorized by § 39-669.07(4)(c). To dispose of Snodgrass' contention that the court's judgment does not specifically and expressly state the number of prior drunk driving convictions, we simply respond that three and one are still four, and four less one are still three. No matter what apparently arduous arithmetical avenue is adopted, the county court found that Snodgrass had been convicted of drunk driving three times before his 1987 conviction. We find that the county court's record contains the court's finding regarding the number of drunk driving convictions preceding Snodgrass' 1987 conviction for that offense, a finding sufficient for imposition of the enhanced penalty permissible under § 39-669.07(4)(c). The county court's oversight or failure to make a specific and express finding that Snodgrass had three prior convictions was harmless error, for, on a review of the entire record, there is no conduct by the county court which materially produced a judgment adverse to a substantial right of Snodgrass. Cf. *State v. Watkins*, 227 Neb. 677, 686, 419 N.W.2d 660, 666 (1988): "Harmless error exists in a jury trial of a criminal case when

there is some incorrect conduct by the trial court which, on review of the entire record, did not materially influence the jury in a verdict adverse to a substantial right of the defendant." See Neb. Rev. Stat. § 29-2308 (Reissue 1985) (no reversal by Supreme Court unless record discloses a "substantial miscarriage of justice").

Next, Snodgrass challenges the 15-year suspension of his driver's license, claiming that this sentence was excessive. Because, however, the 15-year license suspension is a mandatory minimum for DWI, third offense, see § 39-669.07(4)(c), Snodgrass' claimed error actually boils down to the county court's finding that Snodgrass was not a suitable candidate for probation.

"We have regularly and repeatedly held that a sentence imposed within the statutory limits will not be modified on appeal, absent an abuse of discretion on the part of the trial court." *State v. Bovill*, 223 Neb. 764, 767, 393 N.W.2d 715, 717 (1986). Furthermore, "An order denying probation and imposing a sentence within the statutorily prescribed limits will not be disturbed on appeal unless there has been an abuse of discretion on the part of the sentencing judge." *State v. Lane*, 227 Neb. 687, 692, 419 N.W.2d 666, 670 (1988) (citing *State v. Wood*, 220 Neb. 388, 370 N.W.2d 133 (1985)).

As reflected in the presentence report and in addition to the three previous convictions for drunk driving, Snodgrass has been convicted of burglary, "giving alcoholic liquor to [a] minor," and twice convicted in 1984 for "refusal to submit to chemical test," as well as for various traffic offenses, including a 1976 conviction for "no driver's license" and a 1977 conviction for "leaving the scene of property damage accident." Between 1977 and 1987, Snodgrass was convicted seven times for speeding. Given Snodgrass' criminal history and driving offenses, the trial court did not abuse its discretion by the sentence imposed on Snodgrass.

AFFIRMED.